JAMES E. NORTH AND OTHERS V. JOHN SHEARN AND WIFE.

Where the plaintiffs sued to subject to their judgments the excess of the defendants homestead, situated in a town, and it appeared that the lots were worth $400 and the improvements thereon $3000, and the Court decreed the excess of the value of the lots and improvements over $2,000, to be subject to the judgments, and ordered the same to be sold if the $1,400 should not be paid within a certain time, on appeal by the plaintiffs this Court said, The defendants have not appealed nor assigned errors, and cannot complain of the judgment, as it accords to them all that they can claim under the law, as settled by previous decisions. It is therefore unnecessary to revise the judgment, in reference to the argument of counsel of the appellees.

In a suit to subject the homestead, the plaintiff offered to prove that the husband when he contracted the debts sought to be enforced against the homestead, was a single man, that he went about erecting his dwelling, now claimed as his homestead, when in failing circumstances, with the means for which he had contracted the debts, and with knowledge of his inability to pay them, and that he then married and claimed the homestead exemption in fraud of his creditors; *Held*, That the evidence was properly rejected.

Appeal from Fayette. The appellants, being judgment creditors of the defendant, John Shearn, instituted this suit for the subjection of Shearn's homestead to the satisfaction of three several judgments, alleging first, that it was free from any constitutional exemption because, at and before the time of Shearn's purchasing the town lots and commencing the building of his homestead, he was largely indebted, and in failing circumstances, and in order to cheat and defraud his creditors

and hinder and delay the payment of his debts, he fraudulently made the purchase of the lots and commenced the erection of a dwelling house, while he was a single man, and when he knew that he was not able to meet his liabilities, and confessed to others that he was bound to fail ; that he thus fraudulently sought to invest as much of his capital as possible in a dwelling house, in order to protect it, by the pretext that it was his homestead. They further allege that if the defendant is entitled to any exemption at all, it is only the value of the lots, alleged to be $400, and improvements to the value of $500, making an exemption of $900, and that the excess of the value of the improvements over $500, is liable and subject to the payment of petitioners' debts.

The defendants filed a general demurrer, and pleaded that the homestead is not subject to forced sale, whatever may be the value of the improvements, provided the lot or lots upon which it is situated are not worth over $2,000 ; that if subject to forced sale at all, he is entitled to be protected in the amount of $2,500 of its value by the Constitution and laws of the State.

A jury was waived and the cause submitted to the Court. Decree to the effect that the lots were worth $400, and the improvements thereon $3,000 ; that the excess over $2,000 was subject to the plaintiffs' judgments ; that defendants be allowed twenty days to pay the $1,400, in which case the premises should be free from the demands of said plaintiffs ; that in default of said payment, the premises be sold, $2,000 of the proceeds to be paid to the husband, and the excess to be appropriated *pro rata* to the plaintiffs' judgments. Plaintiffs appealed.

*W. G. Webb* and *J. T. Harcourt*, for appellants.

*J. R. Burns*, for appellees.

WHEELER, J. The judgment of the Court is in accordanec

with the law, as maintained by the opinion of this Court in the case of Wood v. Wheeler. (7 Tex R. 13.) The defendants have not appealed or assigned errors, and cannot complain of the judgment, as it accords to them all that they can claim under the law, as settled by previous decisions. It is, therefore, unnecessary to revise the judgment, in reference to the argument of counsel for appellees.

The appellants seek to reverse the judgment, because the Court refused to admit evidence to prove that the defendant, when he contracted the debts sought to be enforced against the homestead exemption, was a single man, not entitled to any homestead; that he went about erecting his dwelling, now claimed as his homestead, when in failing circumstances, with the means for which he had contracted the debts, and with a knowledge of his inability to pay them; and that he married, and thus acquired the homestead, it is insisted, in fraud of his creditors; and, consequently, that he cannot claim the right to have the property protected from the claims of creditors under the homestead exemption thus acquired. If none but the fraudulent debtor were interested in the homestead, there would be more force in the argument that he could not claim the exemption. But it is not given or intended for the sole benefit of the husband, or head of the family. The wife has, at least, an equal interest in the exemption of the homestead; and it was not proposed to prove that she had been a participant in any intentional fraud practiced upon the pliantiffs. But if this had been proposed, we are of opinion that the Court very properly refused to let in such enquiries. It would have exposed to animadversion the motives with which the defendants contracted marriage, with the view to affect their rights subsequently acquired. The law protects the homestead, as well against debts contracted before, as after it was acquired. To admit evidence and enquiries of the character proposed, would have a manifest tendency to destroy the sanctity and inviolability which the law attaches to the right of homestead;

and indeed the practical effect would be, to deny to an unfortunate debtor, in failing circumstances, the right to provide a house for the shelter and protection of his wife and children. We cannot give our assent to such a principle, and are of opinion that the Court did not err in rejecting the evidence. The judgment is affirmed.

Judgment affirmed.