[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

than if he had not been made bankrupt, while his creditors generally will be much better off. Decree of adjudication.

---

PRATT (BENTALOE v.). See Case No. 1,330.

---

## Case No. 11,372.

### PRATT et al. v. BURR et al.

[5 Biss. 36.] [1]

Circuit Court, D. Wisconsin. Sept. Term, 1857.

HOMESTEAD EXEMPTION—WRIT OF ASSISTANCE.

1. Homestead exemption does not protect a defendant, in property taken in exchange for goods transferred in fraud of his creditors.
[Cited in Kelly v. Sparks, 54 Fed. 72.]
[Cited in Long v. Murphy, 27 Kan. 380; Comstock v. Becktel, 63 Wis. 661, 24 N. W. 466.]

2. The privileges of a homestead act may be forfeited by fraud.

3. Writ of assistance will be granted when the defendants refuse to surrender under the decree.

[This was a bill in equity by Samuel F. Pratt and others against John C. Burr, Morgan Craig, William D. Mead, and others. Heard on application for a writ of assistance.]

MILLER, District Judge. The complainants recovered a judgment in this court against John C. Burr and Morgan Craig, on which a fi. fa. was regularly issued. After the return of the execution unsatisfied, a judgment creditor's bill in equity was filed. In said bill it is charged, in substance, that the defendants had been merchandizing in Beloit, in this state, and while so engaged they contracted this debt in the purchase of goods, which were by them put into their store; that the defendants, in order to hinder or delay their creditors, transferred their stock of goods, including the goods so purchased of the plaintiffs, or such part of them as were then remaining, and received in part payment a house and lot and premises in Beloit; and that those premises are claimed by the defendants to be exempt from sale, under the homestead exemption law of the state. The bill was taken as confessed against the defendants for want of an answer. The receiver, in pursuance of an order of court for that purpose, sold the premises, which sale was confirmed by the court, with an order that possession be delivered to the purchaser. The family of Burr are in possession, and refuse to surrender the possession, claiming to hold under the exemption law. Application is made for a writ of assistance.

It is contended that the premises are exempt from sale under any circumstances, by reason of the peculiar phraseology of the law. The law reads that "a homestead shall

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

not be subject to forced sale on execution or any other final process from a court." This is an exemption from sale of a homestead, and is literally the same, and is to have the same force and effect as if the law read that "a homestead shall be exempt from sale on execution or any other final process." The legislature certainly did not intend that the law should be so administered that a party could not waive this exemption as a personal privilege, either by contract or by a surrender to the officer, or by neglect to claim it before sale, or forfeit it by a fraudulent reduction of visible property to an amount within the limit of exemption. If such a construction of the law as is contended for in this case should prevail, its title should be read, "An act for preventing the payment of honest debts, and for the promotion of frauds upon creditors by debtors." It is unnecessary to refer to authorities to prove that exemption laws are grants of personal privileges to debtors which may be waived by contract, or surrender, or neglect to claim before sale, and may be forfeited by fraud, but I will merely refer to Hewes v. Parkman, 20 Pick. 90; McKinney v. Reader, 6 Watts, 34; Hutchinson v. Campbell, 1 Casey [25 Pa. St.] 273; Laucks' Appeal, 12 Harris [24 Pa. St.] 426; Hammer v. Freese, 7 Harris [19 Pa. St.] 255; Bowyer's Appeal, 9 Harris [21 Pa. St.] 210; Case v. Dunmore, 11 Harris [23 Pa. St.] 93; Brackett v. Watkins, 21 Wend. 68.

It is contended that the construction here put on the law is not according to its intent and meaning, by reason of the provision that, "such exemption shall not affect any laborer's or mechanic's lien, or extend to any mortgage thereon lawfully obtained; but such mortgage or other alienation of such land by the owner thereof, if a married man, shall not be valid without the signature of the wife to the same." This, in my opinion, does not require a different construction of the law from that here given. The legislature could not, by a law, prevent the acquisition of property directly, nor can they do it indirectly, by a legal prohibition of sale. This provision is intended to protect the wife and family of a mortgagor in a home. Without this law, the mortgage of a married man without his wife's signature did not affect her dower right, this mortgage being good against the mortgagor. Under this law a mortgage would be valid against the husband, the mortgagor; but the court, in a decree, would not disturb the occupancy of the wife and the family, nor of the mortgagor as long as claimed, and might not possibly decree a sale during such occupancy. The provision only means that a mortgage without the signature of the wife, shall not be valid against the exemption of a homestead; which is the subject of the law. With the exception of a mortgage or other alienation, the debtor is left free to waive, or claim, or forfeit the exemption, the same as if this provision had not been incorporated into the law. The following section requires the debtor claiming the exemption to demand a survey at the time of making the levy. If such duty should be neglected by the debtor before a sale, the exemption should be considered as waived; for the court could not prejudice the interests or affect the rights of a judgment creditor and of a purchaser by setting aside a sale for such neglect of the judgment debtor. This section sustains the construction here given of the first section of the law.

The defendants were merchants, in possession of a stock of goods, and in that character and under those circumstances, replenished their stock by the purchase of goods of the plaintiffs upon credit. After acquiring possession of the goods so purchased they transferred their whole stock in fraud of their creditors, and took in exchange therefor these premises. The mere statement of the facts decides this case in the conscience of every honest man; that neither in law nor justice the exemption should be allowed. The defendants cannot expect the court to assist them in consummating the intended fraud. A party cannot turn that which is granted him for the comfort of himself and family into an instrument of fraud.

It is declared in the bill of rights, as part of the constitution of the state, that "the privilege of the debtor to enjoy the necessary comforts of life, shall be recognized by wholesome laws, exempting a reasonable amount of property from seizure or sale for the payment of every debt incurred." This general declaration is proper and right; but the policy and moral effect of the law under consideration exempting property of unlimited amount are, at least, questionable. In many instances, the law amounts to a prohibition of the collection of a debt, while the debtor enjoys the occupation of premises amounting to a fortune. But be the effects of the law what they may, this court has administered it according to its true intent and meaning, giving to every one such rights under it as its terms and conditions plainly direct. But a defendant cannot expect this court to consent that he may use the law as an instrument of fraud by claiming a homestead which he has fraudulently acquired in the manner presented in this case, or by voluntarily reducing his visible property to the amount of the exemption allowed by the law. The writ of assistance will be issued.

[NOTE. For a hearing on the question whether Mead were relieved of liability to the complainants by reason of the judgment against him in favor of one Maynard, see Case No. 11,-373.]

In a case, however, where a deed of the homestead was set aside on bill filed by the assignee, as having been fraudulently made, Hopkins, District Judge, held that the homestead right re-attached. McFarland v. Goodman [Case No. 8,789]. July, 1874. See Freeman v. Stewart [Id. 5,088].