## Case No. 18,067.

### In re WRIGHT.

[3 Biss. 359; [1] 8 N. B. R. 430.]

District Court, E. D. Wisconsin.  Oct. Term, 1872.

#### HOMESTEAD EXEMPTION.

1. An insolvent merchant, having sold his homestead for cash, cannot, by moving his family into his store, hold that as his homestead, exempt.

[Cited in Re Boothroyd, Case No. 1,652; Re Lammer, Id. 8,031; Re Parker, Id. 10,724; Re McKenna, 9 Fed. 29.]

[Cited in Comstock v. Bechtel, 63 Wis. 658, 24 N. W. 466.]

2. Though his right to sell his homestead is undoubted, he cannot shift it, to the prejudice of his creditors.

3. In such case the court will order a delivery of possession to the assignee.

In bankruptcy. George C. Wright had for several years been the owner and occupant of a comfortable house and lot in Fond du Lac, occupying said premises with his family until about two weeks before proceedings in bankruptcy were commenced against him. He had been doing a small business as a boot and shoe dealer and manufacturer, and a short time before being put into bankruptcy he purchased, on credit, an unusually large

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

amount of goods. The notes for said purchases about becoming payable, he sold his homestead and removed his family into his store. This was a two story building, constructed solely for business purposes, and occupied by him exclusively as his store and shop. Adjoining this building was a one-story frame structure, which had been under rental for some considerable time. Wright, about the time of removing his family into the store, removed the addition, for the reason, as he alleged, that the foundation wall rested on the adjacent lot, and the owner demanded the occupany of his ground to the division line. About the same time he put up a temporary partition of boards, placed on end, and not extending to the ceiling, thereby dividing his store from the apartments occupied by his family. Wright having been adjudged a bankrupt on creditors' petition, his assignee filed this petition for a surrender of this property, Wright claiming it as exempt under the homestead exemption clause.

Jenkins & Elliot, for assignee.
Finches, Lynde & Miller, for bankrupt.

MILLER, District Judge. Wright, with full knowledge that his notes were maturing, sold his homestead, removed his family of six persons into one side of his store, and removed the one-story addition then drawing rent, within three weeks of his bankruptcy, and after he had greatly reduced his stock, without appropriating the proceeds of sales towards the payment of his debts. The homestead and the store property were unincumbered. He sold the homestead for cash, less a debt of about $250 he owed the purchaser. And he mortgaged another lot to secure a debt of $900, thereby giving that creditor preference over his other creditors.

I have no doubt that George C. Wright committed a fraud on his creditors and also on the bankrupt act [of 1867 (14 Stat. 517)]. He was doing business in a building constructed solely for business purposes, and not having the appearance of a dwelling, with an adjoining building under rent, open to the view of his creditors when he was purchasing their goods on credit, and occupying at the same time with his family a comfortable homestead, and at the time his notes for an unusually large increase of stock were maturing, within three days he made all these changes as to his property. His creditors no doubt gave him credit on the faith of his unincumbered lot on which his store was built, and also of his other property and his stock of goods. They had a right to be paid, if necessary, out of that property.

The adjoining structure might have been reduced in size. The removing of this building has the appearance of a plan to bring the lot and premises within the homestead exemption. I do not believe that Wright now occupies the premises as his homestead with

·due faith to his creditors. His whole operation has the appearance of a scheme to defraud creditors by forcing a compromise from them. His answer to the petition removes all doubt on this subject. He admits that he was embarrassed in his circumstances, and was unable to pay his debts as they became due, and he hoped to be able, by the change he made in his property, to make some arrangements with his creditors which would enable him to continue his business. He did sell his homestead for cash, and he did greatly reduce his stock within a short time without paying his creditors. He delivered to the assignee about $800, which is a small sum compared with the amount of his sales. He committed a fraud on the bankrupt act by mortgaging a lot to secure an old debt, when he knew he was insolvent. The bankrupt act prohibits preferences to creditors. It is said that the homestead had been in market through a land agent for some time, but that is not material in this issue. He had a lawful right to sell his homestead, but that did not give him the right to shift his homestead, under the circumstances, to the prejudice of his creditors and in violation of principles of fair dealing.

An order will be made that George C. Wright, the bankrupt, convey to the assignee the said premises, and surrender possession to the assignee.