## DYE *v.* COOKE & CO.

### (*Nashville.*   December 17, 1889.)

1. HOMESTEAD.   *Marriage of debtor.*

   A debtor who acquires the right to homestead by reason of his marriage, can assert that right against antecedent debts in lands owned by him at the time such debts were contracted, if his creditors had fixed no lien upon the lands at the date of the marriage.

   Cases cited and approved: 15 Tex., 174; 38 Miss., 198.

   Question reserved: If creditors have fixed lien upon the lands at date of his marriage, can the debtor take homestead?

   Case cited: 37 Am. Rep., 720.

2. SAME.   *Same.*   *Obligation of contract is not violated.*

   Obligation of contract between debtor and creditor is not impaired by allowance of homestead to debtor in such case.

   Constitution construed: Art. I., § 20.

   Cases cited: Kennedy *v.* Stacy, 1 Bax., 220; Hannum *v.* McInturf, 6 Bax., 225; 15 Wall., 610.

---

FROM SUMNER.

---

Appeal from Chancery Court of Sumner County. GEO. E. SEAY, Ch.

S. F. WILSON and W. C. DISMUKES for Dye.

J. J. TURNER for Cooke & Co.

LURTON, J. This case involves the right of a debtor to a homestead exemption. At the time he entered into the contract upon which judgment was finally procured against him, he was the owner of the land in which he now claims a homestead exemption. He was then an unmarried man, and not the head of a family, and not therefore entitled to any exemption.

Subsequently, but before any lien had been fixed upon this land by either judgment or levy, he became a married man and the head of a family. He now claims that, as the head of a family, he is entitled to a homestead exemption in this land, it being worth less than one thousand dollars.

By the State Constitution and legislative enactment every head of a family is entitled to a homestead to the value of one thousand dollars, which is declared to be exempt from sale under legal process. The debtor in this case, as the head of a family at the time it was sought by legal process to sell this land, was clearly entitled to the benefit of this provision of the law, unless the law be obnoxious to that provision of the Constitution of the United States which prohibits any State from passing any law which impairs the obligation of a contract. The contention of the creditor is, that, as to debts created before he became the head of a family, the law does impair the obligation of the contract if it be held applicable to property owned by the debtor before he became the head of a family and at the time

he entered into the obligation, such property being then subject to forced sale.

This Court held, in September, 1872, and in advance of the Supreme Court of the United States, and contrary to the decisions of the Courts of a number of other States, Justice Freeman delivering the opinion of the Court, that as to debts and contracts existing at the time of the enactment of our homestead law, the law was unconstitutional, in that the remedy of the creditor against his debtor was destroyed by the exemption of his property from liability. *Kennedy* v. *Stacey*, 1 Bax., 220; *Hannum* v. *McInturf*, 6 Bax., 225.

The Supreme Court of the United States subsequently announced the same conclusion. *Gunn* v. *Barry*, 15 Wall., 610.

The validity, however, of such exemptions, as to debts created after the law, was never seriously challenged. The law which gives the creditor his remedy, and the law which gives the debtor his exemption, are as much parts of the contract as if they had been set forth in the stipulations of the agreement by which the debt was originated. The homestead law was in force at the time this contract was entered into between Dye and Cooke & Co. The law has not since been changed. The attitude of their debtor toward the law has changed by his subsequent marriage. The creditor knew that if before they had fixed a lien upon this land their debtor should become the head of a family, that he would be entitled to a homestead

exemption. The *status* of their debtor at the time they should attempt to subject his land to forced sale would determine their right and his exemption. His *status* at the time the debt was created neither fixed his right or their remedy. They also knew that, if he should incumber it or sell it before they had acquired a lien, they could not subject it to their debt. The law no more prohibited his doing the one than the other. He had the legal right to marry, and thus become the head of a family, and thereby entitled to a homestead. So he had the right to sell it, or to secure another creditor by an incumbrance. The creditor had no more right to demand that he should hold the property subject to their claim than they had to demand that he should remain single. No legal right of the creditors has been impaired, and no fraud has been practiced upon them. A different question would arise if they had acquired a lien by levy or judgment before his marriage, upon which it is unnecessary to intimate an opinion. *Pender* v. *Lancaster*, 14 S. C., 25; S. C., 37 Am. Rep., 720.

The view we have reached is in accord with the cases of *North* v. *Shearon*, 15 Texas, 174; *Trotter* v. *Dobbs*, 38 Miss., 198. We have been unable to find any holding to the contrary, and the learned counsel for appellants have cited us to none.

The decree must be affirmed.