KAPERNICK, Appellant, vs. LOUK, Respondent.

*April 5 — April 23, 1895.*

*Debtor and creditor: Fraudulent conveyance: Exchange of nonexempt for exempt property.*

1. A finding that a debtor's exchange of a nonexempt forty acres of land for village lots of somewhat less value upon which he was living at the time was not made with intent to defraud his creditors, is *held* to be sustained by the evidence.

2. The mere fact that an exchange of nonexempt for exempt property might be highly advantageous to an insolvent debtor is not conclusive evidence of an intention to defraud his creditors.

APPEAL from a judgment of the circuit court for Forest county: JOHN GOODLAND, Circuit Judge. *Affirmed.*

This action was commenced in September, 1893, to recover $81.62 on account for goods sold and delivered by the plaintiff to the defendant, with interest thereon from February

24, 1893. The plaintiff made an affidavit in said action for an attachment on the ground that the defendant had assigned, conveyed, and disposed of his property with intent to defraud his creditors. Thereupon a writ of attachment was issued and levied upon the forty acres of land described, September 6, 1893. The summons and complaint in the action were served on the defendant, September 13, 1893. On September 27, 1893, the judge of the court, by an order, extended the time to answer to October 17, 1893. On October 13, 1893, the defendant answered upon the merits by way of a general denial of any and all indebtedness, and an allegation of payment, and a shortage in the goods so delivered, and that the same had been damaged. On October 13, 1893, the defendant specially answered said affidavit for attachment, and therein denied the existence at the time of making the same of the facts therein alleged as ground for attachment, and especially denying that at the time of making said affidavit he had assigned, conveyed, or disposed of his property with intent to defraud his creditors or any of them, which answer was duly verified.

The issue so formed was tried by the court, February 9, 1894, and at the close of the trial the court found for the defendant, and ordered that the property so attached in this action be forthwith delivered up to the defendant. From that order the plaintiff appeals.

*F. C. Weed*, for the appellant.

*Samuel Shaw*, for the respondent.

CASSODAY, J. On June 2, 1893, the defendant and his wife conveyed the forty acres of land mentioned in exchange for a deed of the north half of two lots, each 60 by 150 feet, in Three Lakes, then owned by the defendant's mother, Althine Louk. The forty had no building thereon, and was worth some $500 or $600, and was so conveyed subject to a mortgage of $140. The premises so conveyed to the defendant

Kapernick vs. Louk.

by his mother were subject to a mortgage of $100. Some years prior to such conveyance the defendant had moved his meat market, worth about $175, thereon, and in August and September, 1892, had built a dwelling house thereon, worth $200 or $225, and was living therein with his family at the time of such conveyances. There is evidence tending to prove that the forty acres so conveyed was worth something more than the property so conveyed to the defendant by his mother, and that he had made some admissions to the effect that he had made the conveyance to beat the plaintiff out of his claim; but the evidence the other way is strong and positive, and sufficient to support the finding of the trial court.

The question of fraudulent intent in such cases must always be deemed a question of fact, and not of law, and no conveyance is to be adjudged fraudulent as against creditors solely on the ground that it was not founded on a valuable consideration. R. S. sec. 2323. This court has always liberally construed the exemption laws. *Zimmer v. Pauley*, 51 Wis. 282; *Hewett v. Allen*, 54 Wis. 583; *Scofield v. Hopkins*, 61 Wis. 370. There is no evidence that the defendant was guilty of any actual fraud. The most that can be claimed is that the effect of his exchanging nonexempt property for exempt property operated as a constructive fraud upon the plaintiff. *Comstock v. Bechtel*, 63 Wis. 656. The mere fact that such exchange may be highly advantageous to an insolvent debtor is not conclusive evidence of an intention to defraud his creditors. *Palmer v. Hawes*, 80 Wis. 474. Here the plaintiff not only fails to show by a preponderance of evidence that the defendant made such conveyance with such intent to defraud, but also fails to show that the defendant was insolvent at the time of making the conveyance. In fact it does not appear that he was indebted to any one, except to the plaintiff for the small amount for which this suit is brought.

*By the Court.*— The order of the circuit court is affirmed.