# Reeves & Co. v. Peterman.

*Bill in Equity by Creditor to subject Property Fraudulently Conveyed.*

1. *Investment by insolvent debtor of money in homestead; effect of.*—An insolvent debtor, having money or other personal property which is liable to his debts, can invest the same in a homestead, and thereby defeat a creditor, whose claim is evidenced by a promissory note, containing a waiver of all right or claim to any exemption of. personal property, which was executed before such investment in a homestead.

2. *Homestead exemption; when husband may assert claim to. in property purchsed in name of wife.*—Where a husband purchased a lot of

[Reeves & Co. v. Peterman.]

land, and paid for it with his own money, taking the title in the name of his wife, and having her to execute to him, in writing, an agreement to hold the land subject to his disposition, and to convey the title as he might direct, the deed and the agreement must be taken and construed together as one instrument, although the agreement may not have been executed by the wife in such form as to make it a valid contract of hers, if it stood alone; and the husband, having been in possession and, with his wife's consent, claiming the property as a homestead, since its acquistion, is entitled to assert a homestead claim therein against his creditors

APPEAL from the Chancery Court of Henry.

Heard before the Hon. JERE N. WILLIAMS.

The bill in this case was filed by J. S. Reeves and others, suing as partners composing the firm of J. S. Reeves & Co., against J. A. Peterman and his wife, Lena Peterman, and sought to subject to the payment of a debt due to the complainants from the defendant J. A. Peterman a lot of land, which he claimed as a homestead. The written agreement of the defendant Lena Peterman, mentioned in the opinion, was executed on the same day as was the deed conveying the legal title of the lot to her. On final submission of the cause, on the pleadings and proof, a decree was rendered dismissing the bill. The complainants appeal from this decree, and assign the same as error. Other material facts are stated in the opinion.

A. E. PACE, for appellants, cited Code, §§ 1735, 1805; *Rooney v. Michael*, 84 Ala. 585; *Blythe v. Dargin*, 68 Ala. 370; *Thames v. Rembert*, 63 Ala. 571; *Wedgeworth v. Wedgeworth*, 84 Ala. 274; *Smith v. Hall*, 15 So. Rep. 525; *Ruse v. Bromberg*, 88 Ala. 619; *Seals v. Robinson*, 75 Ala. 363; *Lammons v. Allen*, 88 Ala. 417; *Alford v. Alford*, 11 So. Rep. 316; *Kelly v. Karsner*, 72 Ala. 106; *King v. King*, 61 Ala. 479; *Beard v. Johnson*, 87 Ala. 729; *Kennedy v. First National Bank*, 12 So. Rep. 617.

ESPY & FARMER, *contra*, cited *Turner v. Bernheimer*, 95 Ala. 241; *Tyler v. Jewett*, 82 Ala. 93; *Watts v. Gordon*, 65 Ala. 546; *Webber v. Short*, 55 Ala. 311; Waples on Homestead & Exemptions, pp. 108-120; 9 Am. & Eng. Ency. of Law, 426; *Hynes v. Duncan*, 79 Ala, 112; *McCrary v. Chase*, 71 Ala. 540; *Murphy v. Hunt*, 75 Ala. 438; Bump on Fraudulent Conveyances (2nd ed.) p.

242; 25 Mich. 367; *Munter v. Leinkauff*, 76 Ala. 194; *Walker v. Sauer*, 97 Mich. 464; *Nelson v. Calvert*, 15 Ky., L. Rep. 489; *Backer v. Mayer*, 43 Fed. Rep, 702.

COLEMAN, J.—The complainants held and owned a promissory note due from the respondent, which contained a waiver of all right or claim to any exemption of personal property. The respondent admitted a balance due on the note, and also admitted the charge of insolvency. The bill averred, and the averment was admitted as true, that, after the contraction of complainants' debt, the respondent purchased a lot of land, paid for it with his own money, the title to which was taken in the name of his wife. This deed was duly acknowledged by the grantor, and recorded. From his own means he erected on the lot a dwelling house, which at the time of the filing of the bill was occupied by respondent and his wife, and claimed by respondent as his homestead. The facts showed that the husband had his wife execute to him, in writing, a secret agreement, by which she agreed to hold the title to the land subject to his disposition, and to convey the title as he might direct. This instrument was not recorded with the deed. The one material question presented by the case is, whether an insolvent debtor, having money or personal property which is liable to his debts and ought to be applied to their payment, but upon which no lien has been acquired, can invest the same in a homestead, and thereby defeat his creditor. Fully recognizing the rule that so long as a creditor can trace the property or money of his debtor, liable to his demand, which has been fraudulently disposed of, he has the right to do so, and to subject them to his demand, we are of opinion the rule does not apply when the money or property, before lien acquired, is invested in a homestead, which by law is exempted from the demand. Parties contract with reference to the existing law. The creditor knew that the homestead was exempt by law, and also a certain amount of personal property. He provided by contract against the claim of exemption as to personal property. He might have provided also against the claim of a homestead exemption. This he failed to do. Having acquired a homestead by the investment of money upon which there was no lien or incumbrance, the law declares in effect

[O'Neal v. Simonton.]

that such homestead shall be exempt from legal process upon any demand contracted after its adoption. The debt belongs to this category. We are aware the authorities are not uniform upon this question, but we are of opinion that the rule declared by us does not impair the obligation of contracts, and is more in accordance with the spirit and policy of the exemption laws of our State than the other. We cite the authorities *pro* and *con*.— *North v. Sherman*, 15 Texas, 174; *Edmonson v. Meacham*, 50 Miss. 34; *Dye v. Cook*, 88 Tenn. 275; (S. C. 17 Am. St. Rep. 882); *Pender v. Lancaster*, 14 S. C. 25; (S. C. 37 Am. Rep. 720); *In re Wright*, 3 Bissell, 359; *Pratt v. Burr*, 5 Bissell, 36; *Riddle v. Speitz*, 5 Cal. 488; *Culver v. Rogers*, 28 Cal. 526; Thompson on Exemptions, § § 209-312, and authorities cited.

The evidence shows that the agreement of the wife to hold the title to the land for the husband was a part of the deed of conveyance to her, and the two must be taken and construed together as one instrument, although it may not have been executed by her in such form as to make it a valid contract of hers, if it stood alone. Construing the two instruments as one, the husband being in possession, and claiming it as a homestead, since its acquisition, to which his wife assented and conceded, he acquired and owned such an interest in the property as to entitle him to assert a homestead claim against the claim of the creditor.

The decree of the Chancery Court is in accordance with these views.

Affirmed.