In re WOOD.

(District Court, E. D. Wisconsin. March 19, 1906.)

1. COURTS—FEDERAL COURTS—RULES OF DECISION—STATE LAW.

Under Bankr. Act 1898, providing that it shall not affect the allowance to bankrupts of the exemptions conferred by state laws in force at the time of the filing of the petition, etc., it is the duty of bankruptcy courts to adopt the construction placed on the state exemption statutes by the highest state court.

[Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Courts, § 957.

State Laws as rules of decisions in federal courts, see notes to Wilson v. Perrin, 11 C. C. A. 71; Hill v. Hite, 29 C. C. A. 553.]

2. BANKRUPTCY — EXEMPTIONS — HOMESTEAD — PURCHASE WITH NONEXEMPT PROPERTY.

Under the laws of Wisconsin governing exemptions, a homestead owned by a bankrupt is exempt, though it was purchased by him while insolvent from the proceeds of nonexempt property.

[Ed. Note.—For cases in point, see vol. 6, Cent. Dig. Bankruptcy, §§ 659-670.]

In Bankruptcy.

This is a review of an order made by Charles H. Forward, referee, in the above entitled matter, declining to compel the bankrupt, at the instance of the trustee, to turn over to said trustee for the benefit of creditors a certain house and lot claimed by the bankrupt in his schedules as exempt. The contention of the trustee was that the acquisition of the homestead under the circumstances shown in the proofs amounted to a fraud upon the creditors. The evidence makes it clear that the bankrupt, long before his purchase of the property claimed as a homestead, was insolvent, and upon his examination the bankrupt so admitted. The proofs leave us somewhat in doubt as to the source from which funds were derived to purchase this

homestead. The bankrupt made the purchase on the 11th day of May, 1901, and paid $600 down, giving back a mortgage upon the premises of $500 to the vendor. On the 8th day of May, 1901, three days before the purchase, he borrowed $600 of a creditor, which was probably the same money which was used to make the cash payment. The mortgage was paid in installments, the last payment being made in January, 1904. Where he procured the money to liquidate the mortgage is a matter of great uncertainty. His books of account are in a chaotic state. He kept no cashbook, and relied upon his bankbook as to cash items received or paid. The bankrupt claims that the mortgage was paid with money which from time to time he abstracted from his business. The examination of the bankrupt discloses a reluctance on his part to throw any light upon the transaction, or to assist the trustee in any way in the discharge of his duty.

Perry Niskern, for the trustee.
John J. Wood, Jr., for the bankrupt.

QUARLES, District Judge. The question raised by the record is whether the bankrupt has worked a fraud upon his creditors by using nonexempt property or money borrowed of creditors to obtain a homestead which he might claim as exempt under the laws of Wisconsin. This question is one that has been long mooted in the courts, and concerning which the authorities, both state and federal, are hopelessly at variance. If I were permitted to follow my own judgment as to what the law should be, I should be much inclined to follow the federal decisions in Wisconsin, which hold that a statutory homestead cannot be employed as an agency of fraud, and that when a debtor, knowing himself to be hopelessly insolvent, takes the whole estate liable to execution, and, for the purpose of withholding it from his creditors, invests it in a homestead, he has worked a fraud and wrong upon his creditors. This doctrine was held by this court in the following cases: In re Wright, 3 Biss. 359, Fed. Cas. No. 18,067; In re Lammer, 7 Biss. 269, Fed. Cas. No. 8,031; Pratt v. Burr, 5 Biss. 36, Fed Cas. No. 11,372; In re Sauthoff, 8 Biss. 35, Fed. Cas. No. 12,380 (wherein the court, by Dyer, J., expressly sanctions the reasoning); In re Boothroyd, 14 N. B. R. 223, Fed. Cas. No. 1,652. But the bankruptcy act of July 1, 1898, c. 541, § 6, 30 Stat. 548 [U. S. Comp. St. 1901, p. 3424], providing that "this act shall not affect the allowance to bankrupts of the exemptions which are prescribed by the state laws in force at the time of the filing of the petition, in the state wherein they have had their domicile for the six months, or the greater portion thereof, immediately preceding the filing of the petitions," seems to make it the duty of the courts to recognize, not only the statutes of the state, but also to adopt the construction imposed by the highest court of the state upon such statute. These decisions are a part of "the state laws." The general rule is that the construction of the highest judicial tribunal of a state of its Constitution of statutes which establishes a rule of property is controlling authority in the courts of the United States where no question of right under the Constitution and the laws of the nation is involved. Allen v. Massey, 17 Wall. 351, 21 L. Ed. 542; Lloyd v. Fulton, 91 U. S. 479, 23 L. Ed. 363; Jaffray v. McGehee, 107 U. S. 361, 365, 2 Sup. Ct.

367, 27 L. Ed. 495; Peters v. Bain, 133 U. S. 670, 686, 10 Sup. Ct. 354, 33 L. Ed. 696.

The peculiar language of the bankruptcy act, above quoted, seems to emphasize the general rule. Here is a homestead located in Wisconsin. Its status must be settled and determined by the local law. When we turn to the Wisconsin decisions, we find a well-settled rule by which the statute creating the homestead exemption has been construed. This rule seems to be that the insolvent debtor commits no fraud upon his creditors by taking nonexempt property and investing it in a homestead, although his purpose may have been to withhold such property from his creditors. There would almost seem to be an implication from these decisions that it was the part of prudence for the insolvent debtor to shelter his family at the expense of his creditors. It is held that one who extends credit to a debtor does so with full knowledge of the statute and the policy of the state, and therefore has no right to complain. A few of such cases may be found: Hanson v. Edgar, 34 Wis. 653; Smith v. Waite, 39 Wis. 512; Comstock v. Bechtel, 63 Wis. 656, 24 N. W. 465; Palmer v. Hawes, 80 Wis. 474, 50 N. W. 341; Kapernich v. Louk, 90 Wis. 232, 62 N. W. 1057. I therefore feel constrained to follow these numerous and consistent rulings of the Supreme Court of the state, and to sustain the ruling of the referee as to the homestead exemption.

Notwithstanding this conclusion, it does not follow that the creditor who loaned the bankrupt $600 to make the first payment upon the homestead may not have a remedy in the law. If the money was borrowed by the bankrupt knowing that he had no means to repay the same, and not intending to repay it when he borrowed it, it may well be held that that was an actual fraud perpetrated upon such creditor. But it is not my province to discuss that proposition at this time.

The finding of the referee as to the homestead exemption is therefore affirmed.