[No. 3402.]

## BROOKS V. BLACK.

1. PLEADINGS—*Reply.* Plaintiff, claiming an equitable title to certain lands, under a bond for a deed from one having the legal estate, brought suit to quiet her title as against the holders of sheriff's deed, upon sale under execution against a stranger, as a cloud upon her title. The answer alleged that the only interest of plaintiff was derived by conveyance from the execution defendant, her husband, made without consideration, and in fraud of his creditors. Held, plaintiff was entitled to reply that she was a householder and the head of a family occupying and claiming the premises as her homestead, and had made the statutory claim thereto, as a homestead, prior to the recovery of plaintiff's judgment.

2. HOMESTEAD—*Occupied Under Executory Contract of Purchase.* Lands held under a mere executory contract of purchase may be claimed as a homestead. Such agreement when recorded is "record title" within the meaning of the statute.

3. —— *Construction of the Statute.* The statute extending to the debtor the right to exempt his homestead from execution is to be liberally construed. Any interest in lands coupled with possession, by a qualified person, is sufficient to support the homestead right.

4. —— *Lands Acquired Under Fraudulent Conveyance.* Husband conveys land to his wife with intent to defraud his creditors. The wife conveys to a third person, who takes for value and without notice of the fraudulent character of the husband's conveyance. He executes to the wife a bond conditioned to reconvey. The wife occupying the premises with her husband may lawfully claim them as a homestead.

5. CONTRACT—*Who May Assail.* In the same case, held that the judgment creditor of the husband, not being a party to the transaction between the wife and the one to whom she conveyed, nor privy to it, nor a creditor of either of the parties thereto, should not be heard to raise question as to the effect of the bond to reconvey, as to whether it was, in law, an agreement to sell, or a mere mortgage defeasance.

*Appeal from Larimer District Court.* HON. JAMES E. GARRIGUES, Judge.

Mr. FRANK J. ANNIS, Mr. FRED W. STOW, Mr. FRANK L. MOORHEAD, for appellant.

Messrs. CLAMMER & SARCHET, for appellee.

KING, J. delivered the opinion of the court.

The only questions raised by the assignments of errors and relied on in the briefs of counsel for appellant, are, (1) that the plea of the homestead exemption in plaintiff's reply constituted a departure from the cause of action set forth in the complaint, and on motion of the defendant should have been stricken, and the evidence offered in support thereof excluded; (2) that the homestead entry of plaintiff was not made upon her "record title", that is, was not made in the margin of the proper instrument. No other questions require consideration.

Plaintiff (appellee) alleged that she was owner of an equitable estate in, and in possession of, certain real estate, under a bond for a deed from the holder of the legal title to said premises; that defendant had caused a levy to be made upon, and sale of, said real estate under an execution against a judgment debtor, not the plaintiff, nor the obligor or grantor in the said bond; that said levy and sale constituted a cloud on her title, and prayed that the

same be declared void, and her title quieted. Defendant's answer and cross complaint denied plaintiff's alleged interest in the realty, and alleged that any interest plaintiff appeared to have was derived through a deed from her husband, the judgment debtor, made without consideration, and for the purpose of defrauding his creditors, and therefore void; that judgment had been obtained against said husband by the defendant, and the levy and sale complained of were made under the execution against said husband, and that said real estate was, of right, and in law, the property of the husband, and prayed that the levy and sale be confirmed and defendant's title to said premises quieted. Plaintiff, by her replication, alleged that at all times mentioned she had been and still was a householder, the head of a family, residing upon and occupying said premises as a homestead, with her said husband and family; that the value of the property was not to exceed two thousand dollars; that prior to said judgment and levy, towit, on September 5th, 1907, she had claimed said premises as a homestead by appropriate entry in the margin of her record title, towit, in the margin of the record of said bond for a deed.

1. Motion was made by defendant to strike this reply for the reason that it constituted a departure from the cause of action in the complaint, and objections were made to evidence offered in support thereof for the same reason. Both motion and objections were overruled. Plaintiff had the right to plead her homestead exemption in avoidance of defendant's cross complaint and prayer for affirmative relief, and therefore, the trial court committed no error in overruling the motion to strike and the

objections to the evidence, without regard to wheth-
er the said plea would, in the absence of said cross
complaint, have constituted a departure; which,
however, we do not decide.

·2.· May 31st, 1906, plaintiff and H. A. Black
were husband and wife, residing on the premises in
question then owned by the husband. On that date
the husband conveyed the property to plaintiff, his
wife. Thereafter, about July 22nd, 1907, plaintiff
conveyed the property by warranty deed to The
Newton Lumber and Mercantile Company, a cor-
poration. Under date of August 1st, 1907, said
company executed and delivered to plaintiff its bond
for a deed whereby it agreed to convey the property
to plaintiff, or her assigns, upon the payment of
certain sums of money and the performance of other
conditions as therein specified. This bond was duly
recorded, and on September 5th, 1907, plaintiff
caused to be entered in the margin of the record
of said bond the word "Homestead", and such entry
was signed by her and attested in conformity with
the provisions of the statute of the state relative to
homesteads, and thereafter she continued to reside
upon and occupy said property with her said hus-
band and family. The value of the property in ex-
cess of prior encumbrances did not exceed two thou-
sand dollars. After said homestead entry was made,
judgment was obtained by the defendant against
said H. A. Black, the husband, and under execution
in said cause, levy was made upon the premises as
the property of H. A. Black, sale was made and cer-
tificate issued, followed by a deed in due time, the
deed, however, being executed and delivered subse-
quent to the bringing of this suit. The court found

that the deed from the husband to the wife was without consideration, made when the husband was insolvent, for the purpose of defeating the claims of creditors, and therefore, fraudulent as to them; that the deed from plaintiff to the lumber company was for valuable consideration; that the claim of homestead made upon the margin of the record of plaintiff's recorded title, as aforesaid, was prior to the levy of the writ of execution and effective to prevent the attaching of the lien, and entered judgment in favor of plaintiff, quieting her title against the lien of said execution and sale.

Defendant's contention is that this bond-for-deed did not and does not constitute "record title" within the meaning of the statute, upon which the homestead entry could be made, for the reason that, the deed from the husband to the wife, having been found by the court to be void as against creditors, the lumber company took no title from plaintiff and could convey none to her; and, for the further reason, that the deed from her to said company was in fact a mortgage, although in form an absolute deed, and therefore, the bond-for-deed was nothing but a defeasance, or agreement to release the mortgage, in either of which events defendant contends that the entry in the margin of the bond was ineffective to impress the homestead character upon the property. Citation of authority is not necessary to support the statement that the deed to the lumber company by plaintiff, in good faith and for valuable consideration, conveyed good title to said company unaffected by the alleged fraudulent character of the deed from the husband to plaintiff, and that the bond-for-deed given by the lumber company to

plaintiff in like good faith and for consideration, was good, and enforcible as between them. "The authorities are uniform that one who holds possession of land under an executory contract of purchase may declare a valid homestead therein".—*Northern Assurance Co. v. Stout*, (Cal.) 117 Pac. 617, 621. *Dallemand v. Mannon*, 4 Colo. App. 262. Thompson on Homesteads and Exemptions, sec. 170. Upon its face the agreement to convey, when recorded, was plaintiff's record title. That the deed from husband to wife, upon the record of which she makes a homestead entry, was, as to creditors, fraudulent and void, is no defense to, and will not avoid the validity or efficiency of, such homestead entry as an exemption, is forever settled in this state.—*McPhee v. O'Rourke*, 10 Colo. 301. *Tibbetts v. Terrill*, 44 Colo. 94. In the case last mentioned the homestead entry of the wife was made upon her deed from her husband. The supreme court, after holding that said conveyance was fraudulent and void as against creditors of the husband, speaking through Mr. Justice Bailey, said:

"As to the homestead entry of Mrs. Terrill, it is contended by appellant that it can be of no avail to Mrs. Terrill or her grantee, Alley, for the reason that the title of Mrs. Terrill, having been taken in fraud of Terrill's creditors, was void as to them and was not the subject of a homestead exemption. That does not seem to be the rule in this state. As was said in *McPhee v. O'Rourke*, 10 Colo., 301:

'Besides, it has been held that when a conveyance to the wife is made or caused to be made by the husband, for the purpose of placing the home beyond the reach of his creditors, the wife is not

precluded thereby from claiming the benefit of the homestead statute, even as against such creditors.' "

Further discussion of the question of fraud in that connection is unnecessary. It is *stare decisis*.

There is some force in the argument that the record of the bond-for-deed is not the proper, or at least the best, record upon which to make the entry in case it is admitted or proven that said bond amounts, in law, to a defeasance, or agreement to release a mortgage; yet, we are not prepared to say that where the alleged mortgage is in form a deed and the alleged release in form an absolute conveyance, or, as in this case, the bond-for-deed is in form the usual agreement given upon a purchase and sale, that entry of the homestead upon the margin of the record of such deed, or of such bond, may not be effective to impress the homestead character upon the premises, and constitute an acceptance by the debtor of the estate or privilege offered by the homestead act, and exempt the property from attachment or sale at the instance of creditors. The first section of the homestead statute is an executed grant from the state to every householder therein being the head of a family, of a homestead, not exceeding in value the sum of two thousand dollars, exempt from execution and attachment for debt. To become effective, however, this grant must be accepted by the beneficiary and his acceptance recorded. No other condition is required. The tender is perpetual, and its formal acceptance is made easy, simple and plain: "He shall cause the word 'Homestead' to be entered in the margin of his record title." The nature or extent of the estate or interest of the occupant that may

be sheltered under the provisions of the act is not specified or limited. Any interest with possession is sufficient to support the homestead right. Nor is the character of the title limited in any other respect than that it shall be of record. Twenty-five years ago the supreme court of this state, after declaring that the policy of the state is to preserve the home to the family, even as against the just demands of creditors, for the reason that the home is of paramount importance, quoted with approval the following language from the first section of Thompson on Homesteads and Exemptions: "The late Senator Benton, advocating in the United States senate the adoption of a general homestead policy, said: 'Tenantry is unfavorable to freedom. It lays the foundation for separate orders in society, annihilates the love of country, and weakens the spirit of independence. The tenant has, in fact, no country, no hearth, no domestic altar, no Household God. The freeholder, on the contrary, is the natural supporter of a free government; and it should be the policy of republics to multiply their freeholders, as it is the policy of monarchies to multiply their tenants.' 'There is,' said Tarbell, J., in a case in Mississippi, 'unquestionably no greater incentive to virtue, industry and love of country than a permanent "home," around which gather the affections of the family, and to which the members fondly turn, however widely they may become dispersed.' 'The law,' said the supreme court of Iowa in an early case, 'is based upon the idea that, as a matter of public policy, for the promotion of the prosperity of the state, and to render independent and above want each citizen of the government, it is proper he should

have a home—a homestead—where his family may
be sheltered and live beyond the reach of financial
misfortune and the demands of creditors who have
given credit under such law.' And this policy is
characterized as 'liberal' and 'benevolent.' " In
conformity with these views our courts have uni-
formly held that the statutory provisions are to be
liberally construed for the purpose of giving effect
to the principles thus enunciated.—*Barnett v.
Knight*, 7 Colo., 365; *McPhee v. O'Rourke, supra.*

To hold that the homestead right or privilege
depends upon so precarious a foundation or condi-
tion as the ability of the head of the family to de-
termine whether an instrument, which appears to
be and in form is a deed of conveyance, may in law
be a mortgage; or, the ability to determine whether
an instrument, which appears to be and in form is
an agreement for a deed, may in law constitute a
defeasance of, or an agreement to release, an in-
strument which appears to be a deed, but in law
is a mortgage, is neither in accord with reason nor
the liberal construction given to the homestead stat-
ute and acts thereunder.—*Barnett v. Knight, supra;
McPhee v. O'Rourke, supra; Tibbetts v. Terrill, su-
pra; Dallemand v. Mannon, supra.* Neither are we
prepared to say that the question as to whether the
deed from plaintiff to the lumber company was in
fact a mortgage, can, in this case, be raised by the
defendant. He was not a party to the transaction
between the lumber company and plaintiff, nor privy
thereto, nor a creditor of either of said parties. The
transaction between plaintiff and said company, as
disclosed by this record, is good, except when chal-
lenged by a party upon whose rights it operates in-

juriously. We do not perceive wherein it could injuriously affect defendant's rights, and he cannot be heard to complain. The lumber company was not a party to this proceeding. If the premises are actually occupied by the debtor as a homestead, and he has made his statutory acceptance and designation upon the record of an instrument which appears to be and purports to be his title, or evidence of his title, it can make no difference, so far as a creditor is concerned, by what sort of title the debtor holds and occupies such premises. The uniform holding of our courts of review that a homestead entry made upon a deed confessedly void (because executed in fraud of creditors) is sufficient to secure the exemption, would seem to justify the conclusion that an entry upon some other instrument, in form evidence of title, legal or equitable, is also sufficient, although for reasons not appearing upon the face of the instrument, the court might, when properly raised upon trial, hold that said instrument was, in law, something different than it appeared to be, or, for some reason, was defective or void.

Upon review of the entire case we conclude: (1) The plea of fraud in the transfer from husband to wife tenders an immaterial issue as against the homestead right, unless the value of the homestead premises exceeds the sum of two thousand dollars. (2) The question as to whether the bond-for-deed was in law an agreement to release a mortgage instead of an agreement to sell and convey the premises, cannot, in this proceeding, be raised by the defendant for the purpose of defeating the homestead exemption. (3) The record of the bond or agree-

ment for deed constituted plaintiff's "record title," within the meaning of the statute. The judgment is affirmed.

SCOTT, P. J., WALLING, J., HURLBUT, J., concur. CUNNINGHAM, J., concurring specially.

———

CUNNINGHAM, Judge, specially concurring:

I cannot concur in the reasoning by which the majority of the court has reached the conclusion that the homestead exemption was properly claimed and allowed. To hold that a claim of homestead may be made upon a deed or instrument fraudulently executed, delivered and accepted, is to abrogate section 2671 R. S. pertaining to frauds and perjuries, or to amend said section by judicial construction, and thereby make it read:

"Every conveyance of any real estate or interest in land made with intent to hinder, delay, or defraud creditors of their just demands shall be void, *except where the sale is made by husband to wife, or wife to husband, and the said vendee shall claim a homestead thereon.*"

If such construction of the homestead statute shall prevail, then its title should be made to read: "An act for preventing the payment of honest debts, and for the promotion of frauds upon creditors," as was said by Mr. Justice Miller in *Pratt v. Burr,* 5 Biss., 36.

I think the reasoning in the majority opinion is opposed to the rule announced in 21 Cyc., 270, 461, 484; *Muyr v. Bozart,* 44 Ia., 499; *Long Brothers v. Murphy,* 27 Kans., 380; *Pratt v. Burr, supra,* and Waples Homestead and Exemptions, pp. 103 *et seq.*

The case of *McPhee v. O'Rourke,* 10 Colo., 301, referred to in the majority opinion, can, I think, readily be distinguished. In that case the judgment was joint—the husband and wife being each parties thereto, hence the transfer of the property from the husband to the wife could work no fraud upon their judgment creditor who could not, by such transfer, be hindered or delayed in the collection of his judgment. It matters not what the intention of Mr. and Mrs. O'Rourke may have been in the transfer of the property from the former to the latter, for, since such transfer could work no fraud, the deed was not, in a legal sense, fraudulent. The Michigan and Mississippi cases cited in the O'Rourke· opinion possess no weight as authority, since in those states possession alone is sufficient to perfect the homestead claim.

It must be constantly borne in mind that Mrs. Black was not attempting to claim a homestead exemption by virtue of her marital status, but in virtue of a claim that she was the actual owner of the property, or an equity therein, in her own right. If she was such owner, then her property was not liable for her husband's debts, and no homestead exemption was required to protect it therefrom. If the title she held was fraudulent as against Brooks, then she had no title that could be seized or taken to pay her own individual debts (which is one of the tests of the right to claim the exemption), providing Brooks had intervened. The authorities are harmonious that the extinguishment of the estate terminates the homestead to which it attaches, and it must follow that until an estate has been created, the homestead claim cannot attach. The homestead

exemption itself is not an estate. It confers no title upon the claimant. It gives him protection, rather than an interest in an estate. If the claimant had no title before he made the claim, he has no color of title after such claim. There is no conveyance of land, or rather, title, in the technical allotment or setting apart of a homestead. Our supreme court, in *Tibbetts v. Terrell*, 44 Colo., 94, appears to have placed the same construction upon the McPhee case as that adopted by the majority of this court in the instant case, hence it follows that in Colorado, husband or wife can protect, by a homestead claim, their fraudulent title or titles, which, as is said in the Tibbetts case, page 101, they hold in trust for creditors. In other words, a trustee may make a claim of homestead exemption upon a trust deed. In the case under consideration, had Mrs. Black neglected or declined to make a claim of homestead exemption upon the bond for a deed, then I perceive nothing to prevent Mr. Black from having made the claim in virtue of his relation of husband, providing, of course, that the reasoning of the majority opinion be sound. True, it may be said that Mrs. Black could have made or claimed her homestead on her husband's original title, had no conveyance been made from him to her. So might the husband have made such claim upon his title, had he made no transfer to his wife. But this is not the question, and does not answer the requirements of the statute. The homestead exemption can only be claimed in virtue of the statute, and where, as in Colorado, the statute prescribes the mode of asserting the right, the statute becomes exclusive of all other methods.—21 Cyc., 270.

While it is true that homestead laws are remedial in their nature, and according to the weight of authority, must be liberally construed in favor of the debtor, still this rule does not require a strained, but a natural construction of the act affecting the purpose of its enactment, without departing from the specific meaning of its terms.—21 Cyc., 461; *Deere v. Chapman,* 25 Ill., 610; *Ladd v. Dudley,* 45 N. H., 61.

Perhaps the law ought to be that possession is sufficient to entitle one to the claim of homestead exemption, but that is not the law in this state. No one, I think, will contend that had Mrs. Black claimed her homestead exemption in a separate instrument, and filed such instrument of record that she could, under such circumstances, maintain her claim, notwithstanding by such method she would have thus given the entire world notice of her claim or intention. The only and all-sufficient reason for holding that a claim of homestead exemption made upon a separate instrument is void, is that it does not comply with the statute. No more does the claim of homestead upon the marginal record of a fraudulent title (which is no title) comply with the statute.

I agree with my brethren that the doctrine as announced in the majority opinion is *stare decisis* in this state. But, possessing boundless faith in the ultimate triumph of right, I cannot agree that the question is "forever settled in this state." For the reasons stated above, I concur specially.