Cunningham,
Judge, specially concurring:
I cannot concur in the reasoning by which the majority of the court has reached the conclusion that the homestead exemption was . properly claimed and allowed. To hold that a claim of homestead may be made upon a deed or instrument fraudulently executed, delivered and accepted, is to abrogate section 2671 R. S. pertaining to frauds and perjuries, or to amend said section by judicial construction, and thereby make it read:
“Every conveyance of any real estate or interest in land made with intent to hinder, delay, or defraud creditors of their just demands shall be void, except where the sale is made by husband to wife, or wife to b/usband, and the said vendee shall' claim a homestead thereon.”
If such construction of the homestead statute shall prevail, then its title should be made to read: “An act for preventing the payment of honest debts, and for the promotion of frauds upon creditors,” as was said by Mr. Justice Miller in Pratt v. Burr, 5 Biss., 36.
I think the reasoning in the majority opinion is opposed to the rule announced in 21 Cyc., 270, 461, 484; Muyr v. Bozart, 44 Ia., 499; Long Brothers v. Murphy, 27 Kans., 380; Pratt v. Burr, supra, and Waples Homestead and Exemptions, pp. 103 et seq.
*60 The case of McPhee v. O’Rourke, 10 Colo., 301, referred to in the majority opinion, can, I think, readily be distinguished. In that case -the judgment was joint — the husband and wife being each parties thereto, hence the transfer of the property from the husband to the wife could work no fraud upon their judgment creditor who could not, by such transfer, be hindered or delayed in the collection of his judgment. It matters not what the intention of Mr. and Mrs. O’Rourke may have been in the transfer of the property from the former to the latter, for, since such transfer could work no fraud, the deed was not, in a legal sense, fraudulent. The Michigan and Mississippi cases cited in the O’Rourke-opinion possess no weight as authority, since in those states possession alone is sufficient to perfect the homestead claim.
It must be constantly borne in mind that Mrs. Black was not attempting to claim a homestead exemption -by virtue of her marital status, but in virtue of a claim that she was the actual owner of the property,, or an equity therein, in her own right. If she was such owner, then her property was not liable for her husband’s debts, and no homestead exemption was required to protect it therefrom. If the title she held was fraudulent as against Brooks, then she had no title that could be seized or taken to pay her own individual debts (which is one of the tests of the right to claim the exemption), providing Brooks had intervened. The authorities are harmonious that the extinguishment of the estate terminates the homestead to which it attaches, and it must follow that until an estate has been created, the homestead claim cannot attach. The homestead *61 exemption itself is not an estate. It confers no title upon the claimant. It gives him protection, rather than an interest in an estate. If the claimant had no title before he made the claim, he has no color of title after such claim. There is no conveyance of land, or rather, title, in the technical allotment or setting apart of a homestead. Our supreme court, in Tibbetts v. Terrell, 44 Colo., 94, appears to have placed the same construction upon the McPhee case as that adopted by the majority of this court in the •instant case, hence it follows that in Colorado, husband or wife can protect, by a homestead claim, their fraudulent title or titles, which, as is said in the Tibbetts case, page 101, they hold in trust for creditors. In other words, a trustee may make a claim of homestead exemption upon a trust deed. In the case under consideration, had Mrs. Black neglected or declined to make a claim of homestead exemption upon the bond for a deed, then I perceive nothing to prevent Mr. Black from having made the claim in virtue of his relation of husband, providing, of course, that the reasoning of the majority opinion be sound. True, it may be said that Mrs, Black could-have made or claimed her homestead on her husband’s original title, had no conveyance been made from him to her. So might the husband have made such claim upon his title, had he made no transfer to his wife. But this is not the question, and does not answer the requirements of the stat'ute. The homestead exemption can only be claimed in virtue of the statute, and where, as in Colorado, the statute prescribes the mode of asserting the right, the statute becomes exclusive of all other methods. — 21 Cyc., 270.
*62 While it is true that homestead laws are remedial in their nature, and according to the weight of authority, must be liberally construed in favor of the debtor, still this rule does not require a strained, but a natural construction of the act affecting the purpose of its enactment, without departing from the specific meaning of its terms. — 21 Cyc., 461; Deere v. Chapman, 25 Ill., 610; Ladd v. Dudley, 45 N. H., 61.
Perhaps the law ought to be that possession is sufficient to entitle one to the claim of homestead exemption, but that is not the law in this state. No one, I think, will contend that had Mrs. Black claimed her homestead exemption in a separate instrument, and filed such instrument of record that she could, under such circumstances, maintain her claim, notwithstanding by such method she would have thus given the entire world notice of her claim or intention. The' only and all-sufficient reason for holding that a claim of homestead exemption made upon a separate instrument is void, is that it does not comply with the statute. No more does the claim of homestead upon the marginal record of a fraudulent title (which is no title) comply with the statute.
I agree with my brethren that the doctrine as announced in the majority opinion is stare decisis in this state. But, possessing boundless faith in the ultimate triumph of right, I cannot agree that the question is “forever settled in this state.” For the reasons stated above, I concur specially.