BARNES ET AL. V. BEIGHLY.

1. A bill will not lie by a judgment creditor for discovery, and to have land in another county than that in which the judgment was rendered, alleged to be held in trust for the judgment debtor, who is residing on such land, made subject to the judgment, where the judgment has not been made a lien upon the land claimed to be

subjected by filing a transcript of the judgment with the recorder of the county in which the land is situated.

2. On a creditor's bill seeking to have property alleged to have been purchased with the money of a judgment debtor, and to be held in trust for him, made subject to a judgment, where the defendants charged with collusion answer on oath denying the charges, and such denials are not contested by the plaintiff by any evidence contradictory of the statements therein, but by a general denial, it is error to enter judgment in favor of the plaintiff.

3. In a suit by a judgment creditor for discovery, and in aid of a judgment previously recovered by the same plaintiff, in which defendant alleges that the original judgment is still in force and unsatisfied, and charges collusion with defendant's wife, made co-defendant, in transferring his property to her name, it is error for the court to give a general judgment against both defendants for the amount of the defendant's debt.

4. In a suit for discovery, and in aid of a judgment, in the nature of a creditor's bill, by a judgment creditor, it is error to enter judgment against the debtor, and a co-defendant charged with collusion, for the amount of the former's debt.

*Appeal from County Court of Clear Creek County.*

THE plaintiff Beighly brought suit in the county court of Clear Creek county, to the November term, 1882, against the defendants, Orpheus I. Barnes, L. H. Barnes and S. A. Gilbert, for discovery, and in aid of a judgment previously recovered in the said court by the same plaintiff against the said Orpheus I. Barnes. The original cause of action was a balance due on account for goods and chattels sold and delivered by the plaintiff to the defendant, the amount of the recovery being $673.65. The present action was not instituted in pursuance of the code remedy, by proceedings supplementary to execution, but is a proceeding in equity in the nature of a creditor's bill. The bill alleges, among other things, that the original judgment is still in full force and effect, and remains wholly unsatisfied; that the judgment debtor, O. I. Barnes, after the rendition of said judgment, removed to Leadville, Lake county, and engaged in business there in the name of the said L. H. Barnes, his wife, with the

intent and purpose of placing and keeping his money and property beyond the reach of any execution that might be issued on the plaintiff's judgment. It further alleges that the co-defendants, L. H. Barnes and S. A. Gilbert, colluded with said judgment debtor to obstruct the collection of said judgment; that said O. I. Barnes purchased real estate and personal property with his own funds and caused the title thereof to be transferred to his co-defendants, for the purpose of cheating and defrauding the plaintiff in the collection of his judgment. The bill specifies certain real and personal property alleged to be so acquired and held by the co-defendants, charging that no consideration moved from them to the vendors, but that the property is fraudulently held in trust for the use and benefit of said O. I. Barnes. Charges of the same character are made in relation to property alleged to have been owned by said judgment debtor in Gilpin county, during the business transactions which formed the basis of the original judgment, and the proceeds of the sale thereof, it is alleged, were fraudulently transferred to his wife, the said L. H. Barnes. Discovery is sought concerning all these transactions and alleged fraudulent and collusive conduct, with full disclosure as to all property owned by said O. I. Barnes, or in which he is in any manner beneficially interested. Judgment is prayed that the defendants, or some of them, be decreed to pay the plaintiff the amount of said judgment, with interest and costs, and that defendants, or some of them, be adjudged to apply for that purpose any money, property or choses in action belonging to said O. I. Barnes, or held in trust for him, or in which he is in any way interested. Summons was served on O. I. Barnes and L. H. Barnes, and they were the only defendants who appeared to the action. Said defendants answered the bill, denying all the fraudulent conduct charged, and responding to all inquiries concerning the ownership of property, and how the same was derived. The plaintiff filed a replication

traversing the truth of the statements made by the defendants, but offered little testimony contradictory thereof. Upon the hearing, no findings of fact appear to have been made, but the court rendered a general judgment in favor of the plaintiff against said defendants, O. I. Barnes and L. H. Barnes, for the sum of $1,046.53, and costs.

Mr. W. P. WADE, for appellants.

Mr. L. C. ROCKWELL, for appellee.

BECK, C. J.    This is a record of proceedings had in the court below upon a bill filed therein by the appellee in the nature of a creditor's bill. It is earnestly contended on part of the appellants that such a proceeding could not be legally entertained under the laws of this state, on the facts and circumstances set out in the bill. This objection was not raised in the county court, either by demurrer or answer, nor is it here directly presented by any of the assignments of error. We are therefore not called upon to decide this question. But the sufficiency of the bill itself, and of the evidence to support relief in such a proceeding, and the regularity and validity of the judgment rendered, are questions properly before us for adjudication.

We do not hesitate to say that the bill is defective. It sets out, among other things, that the judgment sought to be enforced was rendered by the county court of Clear Creek county; that the judgment debtor and his co-defendants are residents of Lake county; and that the judgment debtor purchased real estate and personal property in the latter county with his own funds, taking the title in the names of his co-defendants, "for the purpose of cheating, hindering and defrauding the plaintiff in the collection of his said judgment." Real estate and personal property is described which is alleged to be so held. The bill avers the issue of execution to Lake

county, and its return *nulla bona*, but it does not aver that any steps have been taken to make the judgment of the county court of Clear Creek county a lien upon the property of the judgment debtor in Lake county.

If the allegations of the bill are true, the property mentioned is in fact held in the name of other persons for the use of the judgment debtor. This would constitute a resulting trust therein in his favor, if the transaction had been *bona fide*. But the transfers having been made for a fraudulent purpose, participated in by the grantees as well as the debtor, the only trust capable of enforcement results in favor of the creditors of the latter party.

Under our statutes all equitable interests in property are subject to levy and sale on execution. Gen. St. §§ 1835, 1883. For the purpose of acquiring a lien on any real estate owned by a judgment debtor, or which he may acquire after judgment, situate in a different county from that in which the judgment is entered, it is provided by section 1839 that the creditor may file a transcript of his judgment with the recorder of such county. This does not appear to have been done in the present case. The doctrine established by the authorities is that the judgment must be a lien on the real estate sought to be subjected to sale on execution through the aid of a creditor's bill. *Newman v. Willetts*, 52 Ill. 99; *Cornell v. Radway*, 22 Wis. 260; *Evans v. Hill*, 18 Hun, 464; 2 Wait's Act. & Def. 414, § 3.

In respect to the evidence, we are of opinion that it was insufficient to support a judgment against the defendants. The plaintiff in his bill called upon them to answer as to the interest of the judgment debtor in all the property described, or in any manner referred to, in the bill, including all trusts and equitable interests held by or in the names of said co-defendants for the benefit or use of the judgment debtor, or in which he was interested directly or indirectly. Full discovery was prayed

as to said matters, and the defendants were called upon to state and set forth, as to the property described, the particulars of sales and purchases, the consideration actually paid, who paid the same, and who had the use and profits thereof since the purchase. The answers to these inquiries were necessarily made under oath. All acts of collusion, and all fraudulent efforts to conceal property or assets of the judgment debtor, or to hinder, delay or defeat the collection of the plaintiff's judgment, were positively denied. It was also positively denied that the judgment debtor had any interest in the property mentioned, beneficial, in trust or otherwise, or in any property held by said co-defendants. The answers filed were responsive to the discovery sought by the bill; the defendants stating, in some instances, as they had a right to do, the circumstances under which certain property was acquired. The truth of these answers was not contested by the plaintiff by any evidence that can be regarded as contradictory of the statements made therein. The replication of the plaintiff filed thereto neither operated to sustain the charges made in the bill nor to require extrinsic proof in support of the denials thereto contained in the answers. The plaintiff was not concluded by these answers, and might have introduced evidence showing them to have been untrue; but, in the absence of evidence contradicting the statements of the defendants in relation to the matters whereof discovery was sought, it was error to render judgment in favor of the plaintiff.

We are also of opinion that the judgment rendered was irregular, and not warranted by law. It was a joint judgment against O. I. Barnes, the judgment debtor, and L. H. Barnes, the only co-defendant served with process. It gives no relief as to any of the property, real or personal, described in the bill, and alleged to have been fraudulently transferred and held so as to place the same beyond the reach of the plaintiff's execution, but is a general judgment against the defendants served with process,

for a sum of money, to wit, the sum of $1,046.53.   What items entered into the computation by which this result was reached the record does not disclose; and since the bill avers that the original judgment still remains in full force and effect, and as this action was not instituted to revive that judgment, there was no warrant of law for entering a second judgment for the same cause of action already merged in the first judgment.

Another fatal objection is that a general judgment for the same cause of action is foreign to the nature and purposes of a creditor's bill.   Equitable jurisdiction cannot be invoked for relief of this character.   *Miller v. Scammon*, 52 N. H. 609; 1 Pom. Eq. Jur. § 230; Story, Eq. Pl. § 473.

It was error, in any view of the case, to enter judgment against the defendant L. H. Barnes jointly with the judgment debtor, for the amount of the latter's debt, in an action ostensibly brought in aid of an existing judgment.   If the defendant L. H. Barnes held title to property belonging to the judgment debtor, or in which he was beneficially interested, as averred in the bill, the province of the court, in a proper case, would be to decree that such property, or the debtor's interest therein, be subjected to the satisfaction of the plaintiff's judgment.   The scope of this remedy is to cancel and remove fraudulent conveyances, to set aside fraudulent assignments, and to appropriate and apply to the satisfaction of the judgment equitable assets of the judgment debtor.

There may be other errors in the proceedings, but inasmuch as no sufficient abstract of the record was made and filed by the appellants, as required by our rules, and since counsel for the appellee has not seen fit to discuss the errors assigned, we are not disposed to consider all of the sixteen errors assigned on the record.

For the reasons given the judgment must be reversed.

*Reversed.*