HOOD ET AL. V. SAUNDERS.

1. Plaintiff, holding a promissory note and an account secured by a deed of trust of certain mining lands, and an unsecured judgment against H., brought an action in equity, making his alleged trustees co-defendants, alleging in the complaint fraud on the part of defendants, and praying for a discovery of all property belonging to H., and that it be applied to the payment of his debt, but not alleging that the secured property had been sold, or asking that the trust deed be foreclosed, there being no allegation of insolvency or that defendant was not possessed of other property than that mentioned sufficient to satisfy plaintiff's debt. *Held*, that the complaint does not state such a cause of action as will warrant any equitable relief.

2. A complaint in the nature of a creditor's bill, showing on its face that part of the indebtedness upon which the complaint is based has not been reduced to judgment, is fatally defective.

### Appeal from Clear Creek County Court.

THE purpose of this action was the discovery of property which might be held liable to the payment of certain demands existing in favor of the plaintiff below, Gabriel Saunders, against the defendant William B. Hood, consisting of a promissory note, an account and a judgment. The plaintiff obtained these demands by assignment from one Charles W. Pollard, a grocer of Georgetown, who had for several years supplied said defendant (who was engaged in mining) with miners' supplies, and to whom defendant had become indebted in the manner stated. Upon a settlement had between Pollard and Hood on May 14, 1878, there was found to be due Pollard the sum of $514.73, for which Hood gave the former his promissory note at four months, and secured the payment thereof by a trust deed on certain mining claims owned by him, Ed. C. Parmlee being named therein as trustee. On October 27, 1879, a further indebtedness of $200 having been contracted, it was secured by a written contract purporting to convey, as collateral security for this and the former demand, certain other

mining claims of said Hood. By this instrument both of said demands were to be paid in sixty days from its date. Upon the day last named Hood executed an order upon the defendant Thomas O. Old, requiring him, in the event of a failure to pay Pollard in pursuance of this agreement, to convey to the latter all the property held by said Old in trust for him, but not specifying what property was so held. Nor is this defect supplied by the complaint. A further bill was subsequently contracted by Hood at Pollard's store, amounting to the sum of $117, for which Pollard obtained judgment against Hood in the county court, on the 8th day of August, 1882, together with costs of suit, taxed at $16.40. The above claims and judgment were transferred and assigned by Pollard to Saunders prior to the institution of the present action. The plaintiff alleges promises made by Hood to Pollard, during the transactions above detailed, to preserve his property free from other liens or incumbrances, and representations that the property owned by him was ample security for the indebtedness owing and accruing. The complaint alleges breaches of these promises by said Hood; various conveyances of his mining claims to and by the other defendants; a joint conspiracy of all said defendants to cheat and defraud Pollard out of the several sums of money so due him by said defendant by changing the names of said mining claims and securing the same to be patented to some of the defendants under other names. It is alleged that execution had been issued on said judgment and returned unsatisfied, and that all said demands remain wholly unpaid. Full discovery is prayed of all property, effects and choses in action in the hands or knowledge of any of the defendants, and belonging to or held in trust for said Hood, and of all sales or assignments of property made to any of the defendants in which said Hood was in any manner interested, with full disclosures as to the present situation of the property. Judgment is prayed for the sum of $1,555 and in-

terest, which includes the entire indebtedness claimed; also that all the moneys, property, etc., held by the other defendants, or any of them, for said Hood, be applied in satisfaction of said indebtedness.   To this complaint Rebecca Hood filed a separate demurrer, and the other defendants a joint demurrer, assigning twenty-two grounds of objection thereto.   The county court overruled these demurrers, and, defendants electing to stand thereby, entered a joint judgment against all of the defendants for the sum of $1,657.50 and costs of suit.

Messrs. MORRISON and FILLIUS, for appellants.

Mr. W. T. HUGHES, for appellee.

BECK, C. J.   The scope and object of the bill filed in the county court by the plaintiff, Saunders, appears to have been the discovery of property and credits belonging to the defendant William B. Hood, and alleged to be held by or in the names of his co-defendants, in order that it might be in some manner subjected to the payment of plaintiff's claims.   This complaint was framed after the style of a creditors' bill, but fatally defective as such, in that the main part of the indebtedness had not been reduced to judgment.   *Burdsall v. Waggoner*, 4 Colo. 256; *Allen v. Tritch*, 5 Colo. 222.   The plaintiff's remedy seems to have been wholly misconceived.   No proper foundation was laid either for discovery, for the cancellation of conveyances, for the subjecting of property to execution, or for any specific relief.   The property embraced in the deed of trust had not been sold. No application was made in the bill to foreclose the real estate securities executed by Hood; nor was there an allegation of insolvency of said defendant, or that he was not possessed of other property than that mentioned sufficient to satisfy the plaintiff's claims.   Something more than the oft-reiterated charge of fraud is necessary to constitute such a pleading as warrants the granting

of equitable relief.   In a proper case fraudulent convey-
ances will be set aside, and the property of a debtor sub-
jected to the payment of his debts; but the necessary
foundation must be laid upon which to invoke such re-
lief, and the proceedings must be conducted in accord-
ance with the forms of law.   The complaint failed to
state a cause of action, and the court erred in overruling
the demurrers filed thereto.   It also erred in rendering a
general judgment against all the defendants for the debt
of defendant Hood, and there was no warrant of law for
including in a second judgment that part of the plaintiff's
demand already merged in a prior judgment.   *Barnes v.
Beighly*, 9 Colo. 475.   The judgment is reversed and the
cause remanded.                                    *Reversed.*