[No. 5863.]

THE WESTERN CHEMICAL MANUFACTURING COMPANY ET AL v. McCAFFREY ET AL.

1. **Judgment Lien—Secret Equities—**A judgment which has been made a lien on the land of the debtor, binds the estate which, by the record, then appears to be vested in him, and is superior to a secret equity of which the creditor has no notice. —(399)

2. **Notice — Record Recitals —** Lands had been conveyed to the wife. Husband and wife, by deed absolute, though intended as security for money, conveyed the lands to a third person with full covenants. The grantee afterwards reconveyed to the two, who, during all the time, occupied the premises as their homestead. Held, that a judgment creditor of the husband was entitled to rely upon the assertion of title in the conveyance of the husband and wife, and was not, by the record, chargeable with notice that, in equity, the property belonged to the wife. —(400)

*Appeal from Denver District Court*—Hon. JOHN I. MULLINS, Judge.

Messrs. CRANSTON, PITKIN & MOORE, for appellants.

Mr. L. E. KENNEDY, for appellee.

CHIEF JUSTICE STEELE delivered the opinion of the court:

The record discloses that Kate McCaffrey, on February 21, 1903, purchased certain real estate in Denver, and on the same day executed a deed of trust conveying the same to the public trustee to secure the payment of a promissory note of $2,000.00, and that in the following October she and her husband executed a warranty deed, containing the usual covenants of title, conveying the property to William H. Rohrer, taking from Rohrer an option to purchase upon the payment of the sum of $1,120.00 within a year, the option to be void in default of payment within the time mentioned; that within the time specified by the option, the sum mentioned was paid to Rohrer, and on the second of April, 1904, Rohrer executed a special warranty deed to Kate McCaffrey and Peter W. McCaffrey for the said property, which was recorded April 5, 1904; that on the 6th of April, 1904, The Western Chemical Manufacturing Company filed in the office of the clerk and recorder a transcript of the judgment docket of the district court of the city and county of Denver, showing a judgment for $1,069.64 against Peter W. McCaffrey, and on the same day a levy was made upon the interest of Peter McCaffrey in the property theretofore conveyed to him by Rohrer; that between the time of the filing of the transcript of the judgment docket, and the levy of the execution, a quit-claim deed, con-

veying Peter W. McCaffrey's interest in the property to Kate McCaffrey, was filed for record. This deed was acknowledged April 6, 1904. On April 14th the McCaffreys joined in a deed conveying to William H. Rohrer the same property and took an option to purchase within a year upon the payment of $850.00. This action was brought to remove the cloud upon plaintiff's title caused by the recording of the transcript of the judgment docket and the levy of execution.

The court found the issues for the plaintiff, and entered a decree removing the cloud caused by the filing of the transcript of the judgment docket and the levy of execution. From the judgment the defendants appealed.

The deeds from the McCaffreys to Rohrer, although absolute in form, were given to secure a debt, and the deeds from Rohrer to the McCaffreys were intended as releases. Rohrer was a money lender, and required the husband of Mrs. McCaffrey to join in the deeds, before he would loan her the money upon the property. Authorities are cited holding that a judgment lien does not prevail over prior equitable claims, and that it attaches to the actual, rather than to the apparent, interest of the judgment debtor. But these authorities are not from the appellate courts of this state, and in this jurisdiction a contrary doctrine prevails.—*McMurtrie v. Biddell,* 9 Colo. 497; *Bank v. Campbell,* 22 Colo. 177. No resulting trust nor unrecorded deed can operate to defeat the right of a judgment creditor who has caused his judgment to become a lien by proper record, unless the creditor had notice of the trust or unrecorded deed at the time his lien attached.

But it is said that the creditor had notice of the condition of the title of Peter W. McCaffrey by the

recitals in the deeds and by the possession of the Mc-Caffreys. The record showed a deed from Peter W. McCaffrey and Kate McCaffrey to Rohrer wherein it is covenanted that the parties of the first part have a fee simple title to the premises. The creditor had a right to rely upon this covenant, even though the record shows no prior deed conveying title to Peter W. McCaffrey, and neither the deed from the Mc-Caffreys to Rohrer, nor the deed from Rohrer to the McCaffreys nor both of them, can be said to contain notice that Peter W. McCaffrey had no interest in the property. The property was occupied by the Mc-Caffreys as their home. This possession is entirely consistent with the deeds.

The lien of the judgment of The Western Chemical Manufacturing Company attached to such property as stood in the name of Peter W. McCaffrey at the time of filing the transcript of the judgment docket, subject to all prior recorded liens and encumbrances, or such liens and encumbrances of which it had notice, and as the record shows no lien or encumbrance of which the company had notice except that for $2,000.00 dated February 2, 1902, we must hold that the lien of the judgment of The Western Chemical Manufacturing Company attached to the interest of Peter W. McCaffrey in the property in question, subject only to the lien of the trust deed for $2,000.00 mentioned in the pleadings and dated February 21, 1902.

For the reasons given the judgment is reversed.

*Reversed.*

Mr. Justice Gabbert and Mr. Justice White concur.