## No. 11,918.

### Cortez Land and Securities Company *v.* Stabler et al.

Decided May 21, 1928.

Mr. John J. Downey, for plaintiff in error.

Mr. Benj. B. Russell, for defendants in error.

*Department Two.*

Mr. Justice Butler delivered the opinion of the court.

The Cortez Land and Securities Company sued George A. Stabler and Minnie E. Stabler, husband and wife, to set aside an alleged fraudulent conveyance from the wife to the husband, in order to subject the deeded land to the payment of the company's judgment against the wife.

In rendering its decision in favor of the defendants, the court said, among other things: "I will say that seldom does a case come before the court so frankly, freely and completely explained as is this case. There is no circumstance in the case to conflict with or cast doubt upon the statements of the defendants. There is nothing to raise a question as to what the transaction was. The court finds and is bound to find that the statements of the defendants are true. Every dollar of the purchase price of the so-called Cortez ranch was paid by Mr. Stabler and his brother. Then Mr. Stabler paid the purchase price for the one-half belonging to the brother. Then Mr. Stabler paid every cent of taxes and up-keep. During this history of the property it was treated as firm property belonging to the partnership of the brothers. * * * In my opinion, there was no intent to defraud, and nothing to indicate such an intent."

The evidence fully supports the findings on this issue.

Where one purchases and pays for real property, causing title to be conveyed to another without consideration, a trust results in favor of him who paid for the property. Where, however, the grantee is his wife, there is a presumption that he intended it as a gift or an advancement; and in that case, one seeking to establish a resulting trust must show, by strong and convincing evidence, that he did not intend it as a gift or an advancement. *Doll v. Gifford,* 13 Colo. App. 67, 56 Pac. 676; *Rowe v. Johnson,* 33 Colo. 469, 81 Pac. 268; *Foster v. Berrier,* 39 Colo. 398, 89 Pac. 787. Counsel for the Cortez Com-

pany contends that this case is governed by *Foster v. Berrier*, 39 Colo. 398. But in that case the evidence was that the property was purchased for the wife's home and to be her property; whereas, in the present case the evidence shows that the property was not intended to become the wife's property except in the event that "something happened to" the husband, who at the time of the purchase was not in good health. Under the evidence, Stabler was the equitable, the beneficial, owner of the property. While the title stood in the name of his wife, a judgment creditor of his could have subjected the property to the payment of the judgment. There is no claim that the Cortez Company made the loan in reliance upon Mrs. Stabler's apparent ownership; hence, the question of estoppel is not presented. Indeed, to secure the payment of the indebtedness, the company took, and still holds, a trust deed of other land. As the wife held only a bare legal title to the property, without any beneficial interest therein, her conveyance to her husband, the beneficial owner, was not fraudulent as to her creditors, and the Cortez Company is not entitled to have that conveyance set aside.

The judgment is affirmed.

Mr. Chief Justice Denison, Mr. Justice Adams and Mr. Justice Campbell concur.