32 B.R. 736 (1983)
In re Jefferson Davis SMYTHE, IV, a/k/a Jeff D. Smythe d/b/a Routt County Contractors, Debtor.
Garry R. APPEL, Trustee, Plaintiff,
v.
STEAMBOAT SKI CORPORATION, et al., Defendants.
Civ. A. No. 83-K-821, Adv. No. 82 Mc 2144.
United States District Court, D. Colorado.
August 30, 1983.
Garry R. Appel, Rothgerber, Appel & Powers, Denver, Colo., for plaintiff.
Robert N. Miller, U.S. Atty. and Jimmye S. Warren, Asst. U.S. Atty., Denver, Colo., Susan Souder, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., for defendants.

MEMORANDUM OPINION AND ORDER
KANE, District Judge.
This is an appeal by the government from an order of the bankruptcy court avoiding three liens of the Internal Revenue Service filed against a parcel of property in Routt County, Colorado. Before October 22, 1979, the debtor owned the Routt County property. On that date he conveyed all of his interest in the property to his wife, Sandra Smythe. On January 3, April 10, and May 22, 1980, the IRS recorded notices of federal tax liens in the clerk and recorder's office, Routt County. The notices, claiming approximately $200,000, named the taxpayer as Jefferson Davis Smythe, IV, d/b/a Routt County Contractors. On June 13, 1980, Smythe filed a Chapter 11 bankruptcy petition which was converted to a case under Chapter 7.
On August 18, 1980, the trustee obtained an order voiding the transfer from Smythe to his wife as preferential and fraudulent under 11 U.S.C. §§ 547(b), 548(a). Legal title was given to the trustee, who then began the instant adversary proceeding. Having received the court's permission to *737 sell the property for not less than $40,000, the trustee was anxious to determine which of the purported liens on the property were in fact superior to his ownership. Only the government joined the litigation. By order of April 6, 1983, the bankruptcy court, 28 B.R. 882, per Judge McGrath, granted the trustee's motion for summary judgment, holding that the three tax liens were avoidable by the trustee under 11 U.S.C. § 545(2). This appeal followed.
The government's chief complaint on appeal is that Judge McGrath erred in determining that Smythe had no interest in the property after October 22, 1979. Such a determination was critical in the court below. If Smythe had no interest in the property on the date the chapter 11 petition was filed, the tax liens were neither perfected nor enforceable "against a bona fide purchaser that purchases such property on the date of the filing of the petition, whether or not such a purchaser exists." 11 U.S.C. § 545(2).
The government argues that the transfer from Smythe to his wife was void ab initio, thus leaving title in Smythe on the date the liens were filed. It finds support for its position in Colo.Rev.Stat. § 38-10-117 (1973), which provides that "every conveyance . . . of any estate or interest in land . . . made with the intent to hinder, delay or defraud creditors . . . shall be void."
I might agree with the government if Judge McGrath had found the inter-spousal transfer fraudulent under the Colorado statute. Instead, he found the transfer fraudulent under 11 U.S.C. § 348(a), a distinction fatal to the government's argument. Although the Colorado statute declares that a fraudulent transaction is void, "the word `void' in such statutory provisions has been generally construed to mean voidable. . . ." In Re Paolini, 11 B.R. 317 (Bkrtcy.W.D.N.Y.1981); United States v. Fidelity & Deposit Co. of Maryland, 214 F.2d 565, 568 (5th Cir.1954). Until some action is taken to uncover the fatal flaw in the transaction, a voidable transaction operates without interruption. Wright v. Yust, 118 Colo. 449, 195 P.2d 951 (1948). Fraudulent conveyances are not void ab initio in Colorado: they are voidable. The fraudulent transferee can convey good title to a bona fide purchaser for value. Brooks v. Black, 22 Colo.App. 49, 123 P. 131 (1912).
Citation of authority is not necessary to support the statement that the deed to the lumber company by plaintiff in good faith and for valuable consideration, conveyed good title to said company unaffected by the alleged fraudulent character of the deed from the husband to the plaintiff. . . .
22 Colo.App. at 53, 123 P. 131.
At the time the bankruptcy petition was filed, and at the time the liens were filed, Smythe had no interest of record in the subject property. A bona fide purchaser could have taken the property, under § 545(2), free of the tax liens. The liens, therefore, were not perfected and were thus avoidable under 11 U.S.C. § 545(2). The judgment of the bankruptcy court is affirmed.