**SECURITY SERVICES, LTD.,**
**a Colorado corporation,**
**Plaintiff–Appellee,**

v.

**EQUITY MANAGEMENT, INC.; Lee F. McConnell; Mary R. McConnell; Steve E. Barnes; Connie J. Barnes, Defendants–Appellants.**

No. 92CA0824.

Colorado Court of Appeals,
Div. IV.

March 25, 1993.

Wood, Herzog, Osborn & Bloom, P.C., David L. Wood, John W. Pharris, Fort Collins, for plaintiff-appellee.

Fischer, Howard & Francis, Steven G. Francis, Fort Collins, for defendants-appellants.

Opinion by Judge JONES.

In this action for redemption of property sold in a foreclosure action, defendants, Equity Management, Inc. (Equity), Lee F. and Mary R. McConnell (McConnell), and Steve E. and Connie J. Barnes (Barnes), appeal the summary judgment entered in favor of plaintiff, Security Services, Ltd., voiding a public trustee's deed issued to Equity and requiring the public trustee to accept plaintiff's payment for redemption of the property. We affirm.

The property at issue was conveyed from William and Deborah Kennedy and Glenn Geological Foundation, by three deeds executed in 1988, to Sierra National Trust (Sierra). Thereafter, in August 1988, William and Deborah Kennedy filed suit against Sierra, Ronald E. Glenn, as trustee of Sierra, and the Glenn Geological Foundation for rescission of the trust or removal of the trustee. They alleged, in a verified complaint, that they had not received a copy of the Sierra trust agreement and that they had transferred their property to that trust "to temporarily protect their equity in said real property from the claims of creditors...." That suit was settled by agreement, which included a provision transferring the trusteeship of Sierra from Glenn to William Kennedy.

In January 1989, Equity sued William Kennedy in an unrelated action and, in April 1989, obtained a judgment against him for $426,000. Equity recorded the transcript of that judgment in February 1990. In July 1990, Equity brought an action to void the three deeds transferring the property to Sierra as being transfers in fraud of creditors. In connection with that suit, Equity recorded a *lis pendens* against the property on July 26, 1990, which listed as defendants: William Kennedy, individu-

ally, and in his capacity as trustee of the Sierra National Trust; Deborah Kennedy; Sierra National Trust; and two other trusts.

On July 25, 1990, the Kennedys filed a petition in bankruptcy which listed the property that had been conveyed to Sierra as their own asset. Their debts were discharged in bankruptcy on November 26, 1990. Equity neither filed for a relief from stay in this bankruptcy proceeding nor responded to a court order to advise the court as to whether it intended to pursue its fraudulent conveyance case. That action was dismissed on February 12, 1991, for failure to prosecute.

In December 1990, a successor in interest to a creditor of the Kennedys, which had obtained a deed of trust against the property prior to the 1988 conveyances to Sierra, filed a foreclosure action with the Larimer County Public Trustee which included a foreclosure certificate stating that to the best of its knowledge the property was owned by William and Deborah Kennedy. The property was sold on February 27, 1991, to defendants McConnell and Barnes, the high-bidders, for $70,500, and a public trustee's certificate of purchase was issued to them.

On May 7, 1991, plaintiff loaned Sierra and William and Deborah Kennedy the sum of $4,000. Repayment of the loan was secured by a second deed of trust against the subject property, which was recorded on May 13, 1991. The deed was signed by both William and Deborah Kennedy, individually, and by William Kennedy, as trustee of Sierra.

Also on May 13, 1991, Equity and plaintiff both filed notices of intent to redeem with the public trustee for the purpose of redeeming the property from the February 27, 1991, foreclosure sale. Equity filed an affidavit with its notice stating that $748,-856.34 was owed pursuant to its lien on the property filed in connection with the action to void the deeds transferring the property. That action, had been filed in pursuit of its prior judgment against William Kennedy and had been dismissed. The 75–day foreclosure sale redemption period for the rec-

ord owner of the subject property, Sierra National Trust, then expired.

Plaintiff objected to Equity's redemption on the grounds that Equity had no valid judgment lien of record against the property and, therefore, had no statutory right to redeem the property. The public trustee denied the objection and issued the public trustee's deed to the property to Equity, rejecting plaintiff's tender of the redemption amount.

Plaintiff then brought this suit alleging that it was the only party with a statutory right to redeem the property and that Equity's transcript of judgment had never attached as a valid judgment lien against the property either when the judgment was entered or when the transcript of judgment was recorded. Plaintiff and defendants, Equity, McConnell, and Barnes, filed cross-motions for summary judgment. Summary judgment was entered in favor of plaintiff, and the court ordered the public trustee to void its deed issued to Equity, to accept plaintiff's check for redemption, and to issue its deed to plaintiff. This appeal followed.

I.

■ Initially, defendants contend that plaintiff lost its right to redeem when it failed to pay the public trustee in a timely manner pursuant to § 38–38–303(1), C.R.S. (1992 Cum.Supp.). They argue that the trial court erred in failing to grant their motion to terminate plaintiff's redemption rights. Plaintiff, however, argues that, although the redemption period pursuant to § 38–38–303(1) is applicable here, the trial court did not err in denying the motion because the redemption period does not begin to run until after the expiration of the fifteen-day automatic stay of proceedings to enforce judgment, as provided in C.R.C.P. 62(a). We agree with plaintiff.

Section 38–38–303(1), C.R.S. (1992 Cum. Supp.) states:

If no redemption is made within the redemption period provided for in section 38–38–302, the lienor having the senior lien, according to the records of the coun-

ty clerk and recorder's office of the county where the property is located, on the sold property or some part thereof subsequent to the lien upon which such sale was held *may redeem within ten days after the expiration of the redemption period provided for in section 38–38–302* by paying to the public trustee or sheriff the redemption amount required by section 38–38–302, and each subsequent lienor in succession shall have and be allowed a five-day period to redeem.... (emphasis added)

C.R.C.P. 62(a), in pertinent part, states:

Except as stated herein, no execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until the expiration of fifteen days after its entry....

Here, rather than being based on a "redemption period provided for in Section 38–38–302" pursuant to the provisions of § 38–38–303(1), redemption was granted by court order granting summary judgment on April 10, 1992. Consequently, § 38–38–303(1) does not govern when the ten-day period in which a lienor may redeem begins to run because the period of redemption was determined by the court's entry of judgment, rather than the statutory redemption period. Thus, the provisions of C.R.C.P. 62(a), which specifically relate to the entry of judgment, apply rather than the provisions of § 38–38–303(1).

Section 38–38–303(1) is still applicable in determining a proper redemption period, however, because it is based upon § 38–38–302, C.R.S. (1992 Cum.Supp.). This statute provides, in relevant part, as follows:

(1) Except as provided in this section ..., within seventy-five days after the date of the sale of the property by virtue of any foreclosure of a mortgage, deed of trust, or other lien *or by virtue of an execution and levy*, the owner of the property, or any other person liable after the foreclosure sale for the deficiency, may redeem the property sold by paying to the public trustee or sheriff the sum for which the property was sold.... (emphasis added)

This statutory provision accounts for the possibility that redemption will occur after a sale "by virtue of an execution," which is the case here. Hence, § 38–38–303(1) remains applicable following the fifteen-day stay of judgment under C.R.C.P. 62(a), and following the running of the redemption period specified in § 38–38–302.

On April 10, 1992, the trial court entered its order granting summary judgment and directing the public trustee to accept plaintiff's cashier's check of $72,326.25 for redemption of the property from the foreclosure sale. On May 4, 1992, plaintiff tendered the check to the public trustee, who issued the Certificate of Redemption and Public Trustee's Deed to plaintiff.

Plaintiff's redemption was well within the periods specified under C.R.C.P. 62(a) and §§ 38–38–302 and 38–38–303, C.R.S. (1992 Cum.Supp.). Accordingly, the trial court did not err in denying defendants' motion to terminate plaintiff's redemption rights.

## II.

■ Defendants also contend that the trial court erred in ruling that, because Equity did not successfully prosecute a suit to set aside the allegedly fraudulent conveyance of the property from the Kennedys to Sierra, its lien did not attach to any interest in the property. In response, plaintiff argues that the court's ruling was correct because a recorded transcript of judgment does not automatically create a lien upon property which a judgment debtor has allegedly fraudulently conveyed to a third party. Instead, plaintiff maintains, the judgment creditor must successfully prosecute a fraudulent conveyance lawsuit before the recorded transcript of judgment attaches as a valid lien against the property. We agree with plaintiff.

The statutory provision governing property subject to a lien is § 13–52–102(1), C.R.S. (1987 Repl.Vol. 6A), which specifies as follows:

All goods and chattels, lands, tenements, and real estate of every person against whom any judgment is obtained in any court or record, either at law or in equi-

ty, for any debt, damages, costs, or other sum of money are liable to be sold on execution to be issued upon such judgment. *The transcript of the docket entry of any judgment in the judgment docket, certified by the clerk, may be filed with the recorder of any county; and from the time of filing such transcript of judgment shall become a lien upon all the real property of such judgment debtor, not exempt from execution in such county, owned by him or which he may afterwards acquire until said lien expires.* The lien shall continue for six years from the entry of judgment unless the judgment is previously satisfied. (emphasis added)

Pursuant to § 13–52–102(1), when Equity recorded its transcript of judgment against William Kennedy, that recordation became a lien upon all the real property of William Kennedy.

In addition, Equity filed a *lis pendens* against the subject property in connection with its action to set aside the Kennedy/Glenn conveyances to Sierra as fraudulent. The *lis pendens* names Sierra as an owner of the property. However, the suit in which the *lis pendens* was filed was dismissed before plaintiff recorded its lien against the property naming Sierra as owner. Hence, the only lien that Equity held by virtue of its recorded transcript of judgment was against property owned by William Kennedy, and not property owned by Sierra.

Defendants maintain that, because the conveyances to Sierra were fraudulent, the conveyances were void and Kennedy remained the true property owner. They rely, for their argument, upon § 38–10–117(1), C.R.S. (1992 Cum.Supp.), which provides:

Every conveyance or assignment in writing or otherwise of any estate or interest in lands, goods, or things in action or of any rents and profits issuing thereupon, and every charge upon lands, goods, or things in action or upon the rents and profits thereof made with the intent to hinder, delay, or defraud creditors or other persons of their lawful suits, damages, forfeitures, debts, or demands, and every bond or other evidence of debt given, suits commenced, or decree or judgment suffered with the like intent as against the person so hindered, delayed, or defrauded shall be void.

The language of § 38–10–117(1) has been interpreted to mean that fraudulent conveyances are not void *ab initio* in this state, but are, instead, voidable. A fraudulent transferee may convey good title to a bona fide purchaser for value, and until some action is taken to uncover the fatal flaw in the transaction, a voidable transaction operates without interruption. *In re Smythe*, 32 B.R. 736 (D.Colo.1983).

The circumstances addressed by the court in *Smythe* are operating here in that Sierra, as an allegedly fraudulent transferee, conveyed title to plaintiff as security for a loan. Plaintiff stands in a position comparable to a bona fide purchaser for value because it had no recorded notice that the property was subject to any other lien. Equity's lien against the property naming Sierra as owner, in connection with the case Equity filed to have the conveyances set aside as fraudulent, become invalid when Equity failed to pursue the cause and the action was dismissed. Equity's only other lien was against property owned by William Kennedy pursuant to its recorded transcript of judgment against William Kennedy. Consequently, plaintiff took good title to the property, which was recorded as being owned by Sierra.

Nevertheless, plaintiff was prevented from redeeming the property by the public trustee, who recognized Equity as the senior lien holder based upon the foreclosing party's certificate of ownership listing the Kennedys as owners of the property. However, as the trial court observed, the public trustee was without statutory authority to base the determination of ownership upon a certificate of ownership filed in the foreclosure proceeding.

The right to redeem is purely statutory. *Walker v. Wallace*, 79 Colo. 380, 246 P. 553 (1926); *Davis Manufacturing & Supply Co. v. Coonskin Properties, Inc.*, 646 P.2d 940 (Colo.App.1982).

Specific redemption procedures are set forth in § 38-38-303(1), C.R.S. (1992 Cum. Supp.), which provides that the senior lienholder, "according to the records of the county clerk and recorder's office of the county where the property is located" may redeem the property within ten days after expiration of the redemption period.

The records of the county clerk and recorder reflected that Equity had no valid lien against the property because it possessed only a transcript of judgment recorded against property owned by William Kennedy. Instead, only plaintiff held a valid lien against the property which, according to the county's legal records, was owned only by Sierra. Thus, as the trial court observed, pursuant to § 38-38-303(1), plaintiff was the only lienor of record on the property who timely and properly filed a notice of intent to redeem, and was entitled to redeem.

Accordingly, the trial court correctly determined that there are no genuine issues of material fact and that plaintiff is entitled to judgment as a matter of law. *See Churchey v. Adolph Coors Co.,* 759 P.2d 1336 (Colo.1988).

Defendants' remaining contentions are without merit or are rendered moot by this disposition.

The judgment is affirmed.

PLANK and MARQUEZ, JJ., concur.