SHEARTON SERVICE CORPORATION, Assignee of New West Federal Savings and Loan Association, Plaintiff–Appellant,

v.

C.B. JOHNSON, a/k/a C. Bernal Johnson, Defendant–Appellee,

and

Carol Jean Johnson, Intervenor–Appellee.

No. 99CA0577.

Colorado Court of Appeals, Div. V.

June 22, 2000.

John Turner, Colorado Springs, Colorado, for Plaintiff–Appellant.

No Appearance for Defendant–Appellee.

Law Offices of Kelly A–R McCurley, Kelly A–R McCurley, Monument, Colorado, for Intervenor–Appellee.

Opinion by Judge CASEBOLT.

In this proceeding concerning execution upon a judgment lien, plaintiff, Shearton Service Corporation (Shearton), appeals the order denying its motion to lift a stay of execution and granting the motion of intervenor, Carol Jean Johnson (wife), to remove the judgment lien from certain real property. We reverse and remand.

Before his marriage to wife, defendant, C. Bernal Johnson (husband), executed a promissory note payable to Shearton's predecessor in interest. When, during the marriage, husband failed to pay the note, Shearton's predecessor obtained a judgment against him and recorded the judgment in the records of the El Paso County Clerk and Recorder.

Also during the marriage, wife deeded certain El Paso county real property she had previously separately owned to husband and herself in joint tenancy via quitclaim deed. However, husband did not record the deed until approximately seven years later, some two years after Shearton's judgment had been entered and recorded against him.

After discovering husband's record interest in the real property, Shearton obtained a writ of execution and issued a notice of levy upon the property. Contending that she was the sole owner of the property, wife intervened and requested a stay of execution. She requested the trial court to await an ownership determination concerning the real property from the court in which an action for dissolution of the marriage between her and husband was then pending. The trial court ordered a stay of any seizure or other proceeding concerning the property until the dissolution court could determine whether the real property was marital or separate property.

Shearton then sought and obtained leave to intervene in the dissolution proceeding. The dissolution court held that, because husband and wife did not contemplate a gift of the property, and because of wife's previous ownership, the real property should be wife's separate property.

Shearton appealed the court's decision, but a division of this court concluded that Shearton was not a proper party to bring the appeal and therefore dismissed it. *In re Marriage of Johnson,* Colo.App. No. 97CA0916, (Oct. 8, 1998) (not selected for official publication). However, in its opinion the division stated, in pertinent part:

> The creditor, which may have legitimate claims against the husband's assets, is not required to await determination of whether the residence here is marital property in order to assert its rights as creditor. Such interests are resolved in accordance with procedures set forth in the statutes that provide for attachment of judgment liens to property in which the judgment debtor has an interest. . . .

> At such time as the property was conveyed, and certainly when the deed was recorded, any interest the husband may have had in the property became subject to the creditor's claims. Thus, we fail to see how the trial court's classification here of the residence vis-à-vis the marital estate would bear on the creditor's claim against any interest the husband might have in the residence.

Shortly thereafter, Shearton moved to lift the stay of execution in this action. Wife opposed the motion and requested the court to remove the judgment lien from the property. The trial court concluded that, because the dissolution court had found that the real estate should be wife's separate property, it was not subject to execution to satisfy the judgment against husband. Accordingly, the trial court ordered the removal of the judgment lien from the property.

I.

Shearton contends the trial court erred in concluding that the property was not subject to its claims against husband. We agree.

Section 13–52–102, C.R.S.1999, provides that all real estate of a judgment debtor is subject to execution and sale to satisfy the judgment debt. When a transcript of the judgment is filed with a county clerk and recorder, the judgment becomes a lien upon all the real property of the judgment debtor in that county "owned by him or which he may afterward acquire until said lien expires." The statute further defines "real es-

tate" as "all interests of the defendant ... held or claimed by virtue of any deed, bond, covenant, or otherwise for a conveyance...." Section 13–52–102(3), C.R.S.1999.

■ A judgment lien creditor has priority over a person who holds an unrecorded equitable interest in the property. *Sky Harbor, Inc. v. Jenner,* 164 Colo. 470, 435 P.2d 894 (1968); *Nile Valley Federal Savings & Loan Ass'n v. Security Title Guarantee Corp.,* 813 P.2d 849 (Colo.App.1991).

■ Prior to the filing of a dissolution of marriage action, a spouse's rights in property held in the name of the other spouse are inchoate. Once a dissolution proceeding is filed, a spouse may be entitled to a division of the other spouse's property, and such an interest vests at the time the dissolution proceeding is filed. *In re Questions Submitted by United States District Court,* 184 Colo. 1, 517 P.2d 1331 (1974).

■ However, the filing of a dissolution action does not give a debtor's spouse any rights that predate the attachment of a judgment lien creditor's rights. Thus, if a judgment lien creditor perfects a lien on real property before a debtor's spouse asserts and perfects his or her claim to the property in a dissolution proceeding, then the weight of authority holds that the rights of the debtor's spouse to the property are subordinate to those of the judgment lien creditor. *In re Tucker,* 95 B.R. 796 (Bankr.D.Colo. 1989). *See In re Fisher,* 67 B.R. 666 (Bankr. D.Colo.1986) (where wife had not recorded notice of *lis pendens* or a copy of property division decree entered in dissolution action, a judgment lien creditor seeking to execute on husband's property took title to husband's property free and clear of interests of ex-wife); *In re Harms,* 7 B.R. 398 (Bankr. D.Colo.1980) (the filing of a dissolution of marriage proceeding accords wife only an equitable interest in property titled in husband's name and mere equities are junior to judicial liens held by creditors of the legal title holder of property); *Lezine v. Security Pacific Financial Services, Inc.,* 14 Cal.4th 56, 925 P.2d 1002, 58 Cal.Rptr.2d 76 (1996) (if a valid judgment lien attaches to husband's property before it is awarded to wife as her sole and separate property in a dissolution proceeding, wife receives property subject to the lien, and the property is liable for satisfaction of the lien).

■ Here, applying the above principles, we conclude that once wife's conveyance was completed and the deed was recorded, wife's claim to an interest in husband's part of the joint tenancy property constituted at most an inchoate equitable interest. Therefore, when the judgment lien attached to husband's record interest in the property, thereby rendering it subject to Shearton's claims, the judgment lien was senior to wife's claim to the portion of husband's record interest in the property.

Accordingly, the court erred in ordering removal of the judgment lien from the real property.

## II.

■ We reject wife's contention that husband did not have a "reliable ownership interest" in the subject property because he failed to fulfill promises he made to wife prior to the conveyance and therefore was not a "bona fide purchaser." The fact that husband failed to perform his promises, even if true, does not mean that the deed is void *ab initio.* Hence, wife's reliance upon *Upson v. Goodland State Bank & Trust Co.,* 823 P.2d 704 (Colo.1992), which addressed void transfers, is misplaced.

Nor do we agree with wife that the dissolution court declared the deed void. To the contrary, the court found that the conveyance was not attended by circumstances of duress, threats, force, or intimidation. The court simply ruled that the property should be deemed "separate" for purposes of determining the parties' entitlement thereto in the dissolution action.

■ We also disagree with wife's contention that the dissolution court's determination that the real property was her "separate" property warrants a different conclusion. The dissolution court's determination did not render void, alter, or affect the quitclaim deed, nor did it affect the recorded ownership interest that hus-

band had obtained before the commencement of the dissolution proceeding. Instead, the dissolution court found only that wife was entitled to the property as her separate property because she had owned it before the marriage and had paid the mortgage, taxes, and insurance upon it from her own funds during the marriage. However, the court's determination that the property was wife's separate property for purposes of the dissolution proceeding cannot defeat or affect an intervening judgment lien creditor's perfected rights in the property.

### III.

We also reject wife's contention that Shearton's judgment lien on the property fails because Shearton had notice that the husband's title might be defective.

The race-notice recording statute, § 35–35–109, C.R.S.1999, provides that no unrecorded conveyance of land shall take effect as to anyone who, in good faith and without notice of a prior unrecorded deed or other instrument, acquires an interest in the same tract of land. This statute addresses the priority of ownership of real property between two or more bona fide purchasers, lienors, and/or competing judgment creditors.

Here, however, even if we assume the statute is applicable, nothing in the record indicates that husband's title was defective, or that Shearton's predecessor had notice of any claimed defect in title. The fact that the deed was not recorded until seven years following its execution does not, in itself, create a defect.

Accordingly, we conclude the trial court erred in holding that husband's interest in the property was not subject to Shearton's claims and in removing the judgment lien and precluding execution against husband's interest.

The order is reversed, and the cause is remanded to the trial court with directions to reimpose the judgment lien as to husband's interest in the property and to lift the stay of execution.

Judge ROTHENBERG and Judge KAPELKE concur.