**Michael WHALEN, an individual,**
**Plaintiff–Appellant,**

v.

**Lexie–Leigh SHEPLER, Rodney L.**
**Lamb, and Scott Thornock,**
**Intervenors–Appellees.**

**No. 03CA0509.**

Colorado Court of Appeals,
Div. V.

June 3, 2004.
Rehearing Denied July 22, 2004.
Certiorari Granted Dec. 20, 2004.

Kloepfer & Gorrell, PC, Teryl Gorrell, Denver, Colorado, for Plaintiff–Appellant.

Donald D. Vogt, LLC, Donald D. Vogt, Morrison, Colorado, for Intervenor–Appellee Lexie–Leigh Shepler.

Icenogle, Norton, Smith, & Blieszner, P.C., Edward J. Blieszner, Denver, Colorado, for Intervenor–Appellee Rodney L. Lamb.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2003.

James K. Kreutz & Associates, PC, James K. Kreutz, Greenwood Village, Colorado, for Intervenor–Appellee Scott Thornock.

Opinion by Judge WEBB.

This is a dispute among judgment creditors over priority to real property that was never titled in the names of judgment debtors, defendants Sanford Altberger and Orovi, Inc. Plaintiff, Michael Whalen, appeals an order giving priority to senior judgment liens of intervenors, Lexie–Leigh Shepler, Rodney L. Lamb, and Scott Thornock. We reverse and remand for an order giving priority to Whalen.

The facts are not in dispute. In this action, Whalen obtained judgments against Altberger and Orovi; he recorded transcripts in the City and County of Denver on October 24, 2001. Intervenors had previously recorded transcripts of their judgments against Altberger and Orovi, Inc.

Altberger and his wife lived in a townhouse in Denver, which was always titled solely in the wife's name. PC Financial funded the purchase of the townhouse by a loan to both Altberger and his wife. Through post-judgment discovery, Whalen learned that Altberger, using funds transferred by Orovi, Inc., had paid off the PC Financial loan before any of the transcripts of intervenors or Whalen were recorded.

Whalen then moved for a writ of execution on the townhouse and asked the court to impose a constructive trust or equitable lien on the property for his benefit. Whalen asserted that the payment to PC Financial was fraudulent and made with the intent to hinder, delay, or defraud creditors of Altberger and Orovi. Whalen provided Altberger's wife with a copy of the motion and indicated that he would not object to her intervening, but she did not do so. Upon filing the motion, Whalen recorded a notice of lis pendens against the townhouse.

At a hearing in which Altberger appeared, the trial court ruled that the payoff of the PC Financial loan, "relating to the Altberger residence, was fraudulent and done with intent to hinder, delay or defraud creditors of the debtor, Sanford Altberger and/or Orovi, Inc."

This finding has not been appealed. The court also granted intervenors' motions to intervene.

The court then imposed a constructive trust on the townhouse and established an equitable lien in favor of Whalen. However, the court explained that this relief was not a predetermination as to priority among Whalen and intervenors. In setting the priority question for hearing, the court suggested that taking evidence seemed unnecessary. No party disagreed.

The ensuing hearing involved only argument of counsel. The court held that, based on the recording dates of the transcripts of judgment, "the priority with regard to this property will be as set forth in the judgment lien statute." The court also noted that before Whalen filed the motion, intervenors were seeking to work out a payment plan involving Altberger and his wife, with which Whalen had interfered.

I.

Whalen first contends the priority among judgment creditors with respect to the townhouse should be determined based on his lis pendens, which although junior among the judgment creditors was recorded against the townhouse, while intervenors' transcripts of judgment were recorded against any present or future interest of Altberger and Orovi. According to Whalen, Altberger and Orovi did not then hold and never acquired an interest in the townhouse to which intervenors' senior judgment liens could attach. We agree that Whalen should be given priority.

In general, when a purchaser funds the purchase of real property, but causes title to be conveyed to another, without consideration, a trust results in favor of the purchaser to the extent he paid for the property. *Cortez Land & Securities Co. v. Stabler*, 84 Colo. 64, 268 P. 526 (1928). When both purchaser and recipient of title are spouses, the law presumes that the purchaser intended a gift, and no resulting trust arises unless the presumption is overcome. *Cortez Land & Securities Co. v. Stabler, supra*. However, when the purchaser causes the conveyance to be made for a fraudulent purpose, participat-

ed in by the recipient of title as well as the purchaser, the only trust capable of enforcement results in favor of the debtor's creditors. *Barnes v. Beighly,* 9 Colo. 475, 12 P. 906 (1887).

■ Fraudulent conveyances are not void ab initio, but are voidable, and "until some action is taken to uncover the fatal flaw in the transaction, a voidable transaction operates without interruption." *Security Services, Ltd. v. Equity Management, Inc.,* 851 P.2d 921, 924 (Colo.App.1993). Thus, a transcript of judgment recorded after a fraudulent conveyance does not "automatically create a lien upon property which a judgment debtor has allegedly fraudulently conveyed to a third party." *Security Services, supra,* 851 P.2d at 923.

When a judgment debtor fraudulently conveys property to a third person, the primary remedy is to return the fraudulently conveyed property to its prior status of ownership, thereby bringing it within reach of creditors of the fraudulent transferor. Section 38–8–108, C.R.S.2003; *Emarine v. Haley,* 892 P.2d 343 (Colo.App.1994).

In contrast, when a judgment debtor has not conveyed the property at issue, yet the property is tainted by a fraud on the debtor's creditors, a creditor may bring an action in the nature of a creditor's bill to subject the property to a constructive trust in aid of satisfaction of the judgment. *Emarine v. Haley, supra.*

Here, Altberger never held a legal interest in the townhouse. Thus, the court could not set aside a fraudulent conveyance of real property as voidable, thereby restoring legal title in Altberger. Because PC Financial was not implicated in the fraud, the court also could not order that the funds used to pay off the mortgage be returned to Orovi, and thereby be placed within the reach of creditors.

Instead, the court imposed a constructive trust on the property. *See In re Marriage of Allen,* 724 P.2d 651 (Colo.1986)(a constructive trust is an equitable device used to compel one who unfairly holds a property interest to convey that interest to whom it justly belongs). The court also imposed an equitable lien in favor of Whalen, while expressly reserving the priority issue. *See Cedar Lane Investments v. American Roofing Supply, Inc.,* 919 P.2d 879 (Colo.App.1996)(an equitable lien provides a security interest in the property, which can be used to satisfy the claim of a person who may have only a partial interest in the property). Under *Emarine v. Haley, supra,* the constructive trust and equitable lien would relate back to the date of Whalen's lis pendens.

Further, the court found that "Mr. Altberger had 'an interest' in the subject residence at the time Intervenors' judgment liens were filed, or obtained an interest thereafter; that interest was simply disguised or hidden." The court did not otherwise specify the nature of this interest.

■ Whalen cites no Colorado case, and we have found none, addressing priority among judgment creditors where, as here, a junior judgment creditor is successful in a fraudulent conveyance or creditor's bill action. The divisions in *Security Services, supra,* and *Emarine v. Haley, supra,* did not reach this issue because the fraudulent conveyance action in *Security Services* was dismissed and the lis pendens in *Emarine* was senior to the competing creditor's judgment lien.

Courts elsewhere are divided on the issue of senior judgment creditors' priority when a junior creditor restores the judgment debtor's legal interest in real property that has been fraudulently transferred. *See, e.g., Tucker v. Foster,* 154 Va. 182, 152 S.E. 376 (1930); *Foley v. Ruley,* 50 W.Va. 158, 40 S.E. 382 (1901). We need not resolve this issue because here Altberger never had a legal interest in the townhouse that could be restored, to which all judgment liens might then attach in order of priority.

Colorado law is unclear whether, despite the finding of a fraud on creditors, the trial court was correct that Altberger retained an equitable interest in the townhouse. *Compare Barnes v. Beighly, supra, with Shuck v. Quackenbush,* 75 Colo. 592, 227 P. 1041 (1924). We need not resolve this question.

On the one hand, if Altberger lacked even an equitable interest in the property, then

intervenors' liens could not attach. *See Doster v. Manistee National Bank*, 67 Ark. 325, 55 S.W. 137 (1900).

On the other hand, if Altberger retained an equitable interest in the property, the majority rule appears to be that when a junior judgment creditor obtains the debtor's equitable interest in real property, through an equitable action in the nature of a creditor's bill, senior judgment liens do not attach. Hence, the creditor who brings the action is given priority. *Jackson v. Holbrook*, 36 Minn. 494, 32 N.W. 852 (1887); *Freeman on Judgments* § 954, at 2007 (5th ed.1923). In our view, this approach is more consistent with Colorado law. *See Security Services, supra; see also Ross v. Nichols*, 25 Colo.App. 409, 138 P. 1013 (1914).

Therefore, we conclude that Whalen should be given priority over intervenors' judgment liens.

Intervenors contend this result contravenes Colorado's Recording Act, which is a race-notice statute and provides in pertinent part, "No such unrecorded instrument or document shall be valid against any person with any kind of rights in or to such real property who first records...." Section 38–35–109(1), C.R.S.2003. *See generally Shearton Service Corp. v. Johnson*, 5 P.3d 395 (Colo.App.2000)(recorded lien prevails over equitable interest).

We reject this contention because we have discerned no basis on which intervenors' judgment liens could attach to the townhouse. Hence, the fact that these liens arose before Whalen filed his lis pendens is not relevant. Moreover, at the time intervenors moved to intervene, the lis pendens gave them notice of Whalen's claim to a constructive trust and Altberger's alleged fraud. *Cf. Western Chemical Manufacturing Co. v. McCaffrey*, 47 Colo. 397, 107 P. 1081 (1910).

Accordingly, we conclude the trial court erred in giving intervenors priority over Whalen based on their senior judgment liens.

## II.

Whalen next contends the trial court improperly used an attorney's statement during argument as evidence to give intervenors priority over Whalen's equitable claim on the ground of unclean hands. We agree.

A trial court's findings of fact are given considerable deference on review and will not be overturned unless they are unsupported by the record. *Reid v. Pyle*, 51 P.3d 1064 (Colo.App.2002). However, factual findings may not rest only on statements of counsel. *People v. District Court*, 898 P.2d 1058 (Colo.1995)(quoting *Casias v. People*, 160 Colo. 152, 162, 415 P.2d 344, 349 (1966): "It is fundamental that this court—or any court—does not settle legal questions on the naked factual assertions of counsel.").

Here, the trial court stated:

> Finally, I note, *based on the statements made by counsel* ... that efforts were being made by the intervenors to work something out with Mr. Altberger and Mrs. Altberger that would have potentially satisfied (at least partially) all if not many of the judgment liens outstanding, including the claims of Mr. Whalen. For whatever reason, Mr. Whalen filed this suit and asked for the imposition of a constructive trust, then asked me, as a matter of equity, to put him "at the front of the line." It is a maxim of equity that "he who would receive equity must do equity."

(Emphasis added.)

Even assuming, without deciding, that Whalen's unclean hands would work a forfeiture of his priority over intervenors, we find no support for this finding of fact in the record and therefore set it aside.

Accordingly, the order is reversed, and the case is remanded for entry of an order giving Whalen a first priority on the equitable interest of Altberger in the townhouse, to the extent of his judgment, plus interest. Whether Whalen can also recover his attorney fees against that equitable interest may be addressed by the trial court on remand.

Judge NIETO and Judge RUSSEL concur.